1
2
3
4

DANIEL M. ORTNER (California State Bar No. 329866)
dortner@pacificlegal.org
555 Capitol Mall, Suite 1290
Sacramento, CA 95814
Telephone: (916) 419-7111
Facsimile: (916) 419-7747

5
6
7
8
9

GABRIEL Z. WALTERS (District of Columbia Bar No. 1019272)*
gabe.walters@thefire.org
JEFFREY D. ZEMAN (Pennsylvania Bar No. 328570)*
jeff.zeman@thefire.org
FOUNDATION FOR INDIVIDUAL RIGHTS AND EXPRESSION
510 Walnut Street, Suite 1250
Philadelphia, PA 19106
Telephone: (215) 717-3473

10
11

*Attorneys for Plaintiffs*
**Pro Hac Vice* Motions Forthcoming*

12   UNITED STATES DISTRICT COURT

13   EASTERN DISTRICT OF CALIFORNIA

14

| | |
|---|---|
| 15  ALEJANDRO FLORES; | |
| 16  DANIEL FLORES; | |
| 17  JULIETTE COLUNGA; and | |
| 18  YOUNG AMERICANS FOR FREEDOM AT<br>19  CLOVIS COMMUNITY COLLEGE, | |
| 20             Plaintiffs, | |
| 21        v. | Civil Action No. 1:22-cv-01003-JLT-HBK |
| 22  DR. LORI BENNETT, in her individual and<br>official capacities as President of Clovis<br>23  Community College; | **PLAINTIFFS' MOTION FOR<br>PRELIMINARY INJUNCTION** |
| 24  MARCO J. DE LA GARZA, in his individual<br>and official capacities as Vice President of<br>25  Student Services at Clovis Community<br>College; | Date: September 16, 2022<br>Time: 9:00am<br>Judge: The Honorable Jennifer L. Thurston |
| 26 | |
| 27  GURDEEP HÉBERT, in her individual and<br>official capacities as Dean of Student Services | |
| 28 | |

1

at Clovis Community College; and

PATRICK STUMPF, in his individual and official capacities as Senior Program Specialist at Clovis Community College,

Defendants.

Pursuant to Federal Rule of Civil Procedure 65(a) and Local Rule 231(d), Plaintiffs Alejandro Flores, Daniel Flores, Juliette Colunga, and Young Americans for Freedom at Clovis Community College ("Plaintiffs") respectfully submit this Motion for Preliminary Injunction. In support of this motion, Plaintiffs state as follows:

1.      On August 11, 2022, Plaintiffs filed this lawsuit alleging five claims against Defendants. Plaintiffs' Verified Complaint challenges the constitutionality of Clovis Community College's Flyer Policy.

2.      The Flyer Policy requires that all flyers not created by Clovis Community College departments or divisions "must be approved and stamped by the Clovis Community College Student Center Staff" prior to posting. Failure to obtain preapproval "will result in unapproved/unstamped flyers being removed and thrown away." The Flyer Policy further states: "Posters with inappropriate or offens[ive] language or themes are not permitted and will not be approved."

3.      As detailed in the accompanying memorandum of law, Plaintiffs are entitled to a preliminary injunction enjoining Defendants from enforcing Clovis Community College's Flyer Policy because Plaintiffs are likely to succeed on the merits of their challenges to the Flyer Policy.

4.      First, the Flyer Policy creates an unconstitutional prior restraint on student speech, a type of restriction highly disfavored under the First Amendment, without any kind of procedural safeguard by which the government must either meet the burden of proving in an adversarial

proceeding that the speech is unprotected or permit the speech within a specified, brief period. *See Freedman v. State of Md.*, 380 U.S. 51, 58–59 (1965).

5.      Second, by prohibiting "inappropriate or offens[ive] language or themes," the Flyer Policy facially discriminates based on viewpoint, *see Matal v. Tam*, 137 S. Ct. 1744, 1757 (2017) (plurality), and is incapable of reasoned application, in violation of the First Amendment. *See Minn. Voters All. v. Mansky*, 138 S. Ct. 1876, 1892 (2018).

6.      Third, the Flyer Policy's ban on "inappropriate or offens[ive] language or themes," is impermissibly overbroad, resulting in a substantial number of applications that violate the First Amendment. *See Comite de Jornaleros de Redondo Beach v. City of Redondo Beach*, 657 F.3d 936, 944 (9th Cir. 2011).

7.      Fourth, by permitting administrators to reject posters that contain "inappropriate or offens[ive] language or themes," the Flyer Policy is unconstitutionally vague because it fails to give students notice of what expression is prohibited and invites arbitrary enforcement by giving administrators unbridled discretion in violation of the First and Fourteenth Amendments. *See Grayned v. City of Rockford*, 408 U.S. 104, 108–09 (1972).

8.      Fifth, the Flyer Policy is unconstitutional as applied to Plaintiffs' speech because Defendants' actions in enforcing the policy discriminated against Plaintiffs' speech based on viewpoint.

9.      Moreover, the chilling effect on Plaintiffs' expressive and due process rights constitutes irreparable harm.

10.      Additionally, the balance of equities favors Plaintiffs, as Defendants cannot present any interest that outweighs Plaintiffs' interest in the enjoyment of their constitutional rights.

11.      Granting a preliminary injunction would also further the public interest because it would protect the expressive and due process rights of hundreds of other Clovis Community College students.

12.     Finally, this Court should waive Rule 65(c)'s bond requirement because this is a public-interest lawsuit and imposing a preliminary injunction poses no risk of financial loss to Defendants.

13.     Accordingly, Plaintiffs respectfully request that this Court preliminarily enjoin Defendants from enforcing the following provision of the Clovis Community College Flyer Policy: "Posters with inappropriate or offens[ive] language or themes are not permitted and will not be approved."

14.     Plaintiffs further request that this Court preliminarily enjoin Defendants from taking any action to deny Plaintiffs the ability to post flyers on indoor bulletin boards or anywhere else Clovis Community College permits students to post flyers, because Defendants or others deem the flyers "inappropriate" or "offens[ive]."

15.     Pursuant to Local Rule 231(d)(3), Plaintiffs respectfully request a hearing on this motion. Plaintiffs can present oral testimony, if the Court would find that useful. Plaintiffs anticipate one hour will be required for a hearing without testimony.


Dated: August 11, 2022

Respectfully submitted,


/s/ Daniel M. Ortner
DANIEL M. ORTNER (California State Bar No. 329866)
dortner@pacificlegal.org
555 Capitol Mall, Suite 1290
Sacramento, CA 95814
Telephone: (916) 419-7111
Facsimile: (916) 419-7747

GABRIEL Z. WALTERS (District of Columbia Bar No. 1019272)*
gabe.walters@thefire.org
JEFFREY D. ZEMAN (Pennsylvania Bar No. 328570)*
jeff.zeman@thefire.org
FOUNDATION FOR INDIVIDUAL RIGHTS AND EXPRESSION
510 Walnut Street, Suite 1250
Philadelphia, PA 19106
Telephone: (215) 717-3473
*Pro Hac Vice Motions Forthcoming

4

1

2

**CERTIFICATE OF SERVICE**

3      I, Daniel M. Ortner, hereby certify that on August 11, 2022, I submitted the foregoing to

4 the Clerk of the Court via the District Court's CM/ECF system, and this document will be served

5 personally on all Defendants with the Complaint.

6

7                                        /s/ Daniel M. Ortner
                                         DANIEL M. ORTNER
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION FOR PRELIMINARY INJUNCTION