DeMaria Law Firm, APC
Anthony N. DeMaria, #177894
*ADemaria@demarialawfirm.com*
Brian K. Chin, # 333976
*BChin@demarialawfirm.com*
1684 W. Shaw Ave. Suite 101
Fresno, California 93711
Telephone:   (559) 206-2410
Facsimile:    (559) 570-0126

*Attorneys for Defendants, Dr. Lori Bennett, in her individual and official capacities as President of Clovis Community College, Marco J. De La Garza, in his individual and official capacities as Vice President of Student Services at Clovis Community College, Gurdeep Hebert, in her individual capacity and official capacities as Dean of Student Services at Clovis Community College; Patrick Stumpf, in his individual and official capacities as Senior Program Specialist at Clovis Community College*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO FLORES; <br><br>DANIEL FLORES; <br><br>JULIETTE COLUNGA; and <br><br>YOUNG AMERICANS FOR FREEDOM AT CLOVIS COMMUNITY COLLEGE, <br><br>Plaintiffs, <br><br>v. <br><br>Dr. Lori Bennett, in her individual and official capacities as President of Clovis Community College; <br><br>Marco J. De La Garza, in his individual and official capacities as Vice President of Student Services at Clovis Community College; <br><br>Gurdeep Hebert, in her individual capacity and official capacities as Dean of Student Services at Clovis Community College; | Case No. 1:22-CV-01003-JLT-HBK <br><br>**NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFF'S COMPLAINT** <br><br>**ORAL ARGUMENT REQUESTED** <br><br>Date: <br>Time: <br>Judge: <br><br>Complaint Filed: 08/11/2022 |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE PUNITIVE DAMAGES**

Patrick Stumpf, in his individual and official capacities as Senior Program Specialist at Clovis Community College,

        Defendants.

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**NOTICE IS HEREBY GIVEN** that on the above date and time, or as soon thereafter as the matter can be heard in in the courtroom of the Honorable Judge Jennifer L. Thurston of the United States District Court for the Eastern District of California, located at 2500 Tulare St Fresno, CA, Defendants DR. LORI BENNETT, MARCO J. DE LA GARZA, GURDEEP HEBERT and PATRICK STUMPF will, and hereby do, move for an Order to strike Punitive damages throughout the complaint as it relates to Defendants DR. LORI BENNETT, MARCO J. DE LA GARZA, GURDEEP HEBERT and PATRICK STUMPF.

This Motion will be based on this Notice of Motion, the Memorandum of Points and Authorities, the pleadings and records on file in this matter, and on any evidence, including oral and documentary evidence, if any, that may be presented at any later point including the hearing on the motion, and any such further matters as the Court deems appropriate.

Dated: September 1, 2022                                       DeMaria Law Firm, APC

                                                     By:        /s/
                                                                 Anthony N. DeMaria
*Attorneys for Defendants, Dr. Lori Bennett, in her individual and official capacities as President of Clovis Community College, Marco J. De La Garza, in his individual and official capacities as Vice President of Student Services at Clovis Community College, Gurdeep Hebert, in her individual capacity and official capacities as Dean of Student Services at Clovis Community College; Patrick Stumpf, in his individual and official capacities as Senior Program Specialist at Clovis Community College*

2
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE PUNITIVE DAMAGES

DeMaria Law Firm, APC
Anthony N. DeMaria, #177894
*ADemaria@demarialawfirm.com*
Brian K. Chin, # 333976
*BChin@demarialawfirm.com*
1684 W. Shaw Ave. Suite 101
Fresno, California 93711
Telephone:   (559) 206-2410
Facsimile:   (559) 570-0126

*Attorneys for Defendants, Dr. Lori Bennett, in her individual and official capacities as President of Clovis Community College, Marco J. De La Garza, in his individual and official capacities as Vice President of Student Services at Clovis Community College, Gurdeep Hebert, in her individual capacity and official capacities as Dean of Student Services at Clovis Community College; Patrick Stumpf, in his individual and official capacities as Senior Program Specialist at Clovis Community College*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO FLORES;<br><br>DANIEL FLORES;<br><br>JULIETTE COLUNGA; and<br><br>YOUNG AMERICANS FOR FREEDOM AT CLOVIS COMMUNITY COLLEGE,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>Dr. Lori Bennett, in her individual and official capacities as President of Clovis Community College;<br><br>Marco J. De La Garza, in his individual and official capacities as Vice President of Student Services at Clovis Community College;<br><br>Gurdeep Hebert, in her individual capacity and | Case No. 1:22-CV-01003-JLT-HBK<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE PUNITIVE DAMAGES**<br><br>Date:<br>Time:<br>Judge:<br><br>Complaint Filed: 08/11/2022 |

official capacities as Dean of Student Services at Clovis Community College;

Patrick Stumpf, in his individual and official capacities as Senior Program Specialist at Clovis Community College,

Defendants.

## I. INTRODUCTION

In the present case, the Plaintiffs' Complaint alleges the violation of the Plaintiffs' First Amendment free speech rights by the Defendants. Moreover, Plaintiffs have improperly asserted punitive damages against the Defendants who were all state actors performing in their official capacity.

Therefore, the Plaintiffs' Complaint is incurably implausible, speculative, and contains other substantial flaws. As explained below, it should be dismissed without leave to amend pursuant to Federal Rule of Civil Procedure 12(b)(1) and Federal Rule of Civil Procedure 12(b)(6).

## II. FACTUAL BACKGROUND

Clovis Community College ("The College") is a site operation name for State Center Community College District ("SCCCD"), a public entity, which is governed by an elected Board of Trustees, and as such is entitled to create policies relating to the postings on the walls within its own instructional building. The College has a non-public form on its interior walls which is subject to The Colleges' posting policies and SCCCD's AR 5550. Outside in there is a free speech kiosk which is not regulated by these policies. This case revolves around a few flyers that were temporarily declined because they did not adhere to SCCCD and The College's policy regarding posting material on school property. The College has set guidelines both from the school itself and SCCCD, which provide clear instruction on when and how flyers, including requiring be related to a student active and club, can be posted and information that the school is not a public forum. The College posting policy clearly states how many flyers can be put up by a club or individual, where the flyers can be posted, and how the flyers should be posted. The policy also states that any flyer that is not approved will be removed. (Dec.of Dr. Lori Bennett "LB" Ex. B; Request for Judicial Notice ("RJN") ¶3). Additionally, SCCCD

has its own policy for time, place, and manner restriction of speech. In SCCCD's policy it clearly states that the colleges of the district are non-public forums. (Dec.of LB Ex. "A"; RJN ¶3.)

This posting policy has been in place, and Plaintiffs utilized the procedure multiple times. (See Dec. of Patrick Stumpf ¶'s 6 and 8, RJN ¶3.) However, on the occasion relating to the pro-life posters Plaintiffs failed to comply with the posting policy and were not permitted to post these files in The College's hallaways, on or about December 1, 2021. (Dec. Gurdeep Herbert "GH"¶10; RJN ¶3.) Later, Platiniffs submitted new pro-life flyers which conformed to the posting policies and were permitted to be posted as it connected to a school club activity. (Id. at ¶'s 13-14; RJN ¶.) The areas that Plaitniffs sought to use for posting were inside of a school building which classrooms, which are not a free speech forums, Plaintiffs were informed of the status of the interior walls and received the explanation that the postings would be directly attributable to The College as if it was The College's own message. (Dec. GH Ex. "B"; RJN ¶3.)

Furthermore, Plaitniffs' have named several individuals who were not decision makers in creating the SCCCD policy; several of the defendants including Gurdeep Herbert, Patrick Stumpf, and Marco De La Garza, did not have any decision making ability when it came to the SCCCD posting policy itself. (Dec.of GH ¶4, Delcaration of PS ¶ 4, and Delcaration of MG ¶4 ;RJN ¶3.) These individuals were simply functioning as employees attempting to fully comply with the SCCCD policy which they were required to abide by, and did so by communicating with counsel to ensure that their actions were proper to the best of their ability. (Dec.of GH ¶11 and Dec of MG ¶ 7;RJN ¶3.) For Dr. Bennett, she contacted general counsel for SCCCD and follow the insturction of General counsel for insturction on following posting on non-public forums in school forums. (Dec.of LB ¶8; RJN ¶3.)

### III. ARGUMENT

**A. PLAINTIFFS HAVE FAILED TO DEMONSTRATE JURISDICTION.**

**1. DEFENDANTS ARE IMMUNE FROM CLAIMS UNDER THE ELEVENTH AMENDMENT.**

In the given case Defendants Dr. Lori Bennett, the President of Clovis Community College, Marco De La Garza, the Vice President of Student Services at Clovis Community College Gurdeep Hebert, Dean of Student Services at Clovis Community College, Patrick Stumpf, Senior Program Specialist for the Student Activities Office at Clovis Community College, acted only in their official capacities

3

in upholding the Clovis Community College and its policies adopted and approved by the Clovis Community College Board of Trustees.

As was established in *Wells v. Bd. of Trustees of California State Univ*. State university and its officers, acting in their official capacity, were entitled to Eleventh Amendment immunity from § 1983 claims. In *Wells* former university track coach, who sought monetary relief and punitive damages for alleged retaliation based on his exercise of free speech rights. U.S.C.A. Const.Amends. 1, 11; 42 U.S.C.A. § 1983. The Court held that CSU and its officers acting in their official capacity are entitled to Eleventh Amendment immunity from § 1983 actions: "Defendant CSU is an instrumentality of the State of California. *Jackson v. Hayakawa*, 682 F.2d 1344, 1349–50 (9th Cir.1982). Thus, CSU and its officers acting in their official capacity are entitled to Eleventh Amendment immunity from § 1983 actions." *Wells v. Bd. of Trustees of California State Univ.,* 393 F. Supp. 2d 990 (N.D. Cal. 2005).

**2. DAMAGES IN A 42 U.S.C. § 1983 SUIT ARE UNAVAILABLE AGAINST STATE OFFICIALS.**

In the present case Plaintiffs seek to obtain punitive damages against Defendants in the official and individual capacities. However, as was held in *Well*s punitive damages are not available in suits under § 1983 against government entities. 42 U.S.C.A. § 1983. *Wells v. Bd. of Trustees of California State Univ.*, 393 F. Supp. 2d 990 (N.D. Cal. 2005). Here, Defendants acted as College officials when they investigated Plaintiffs' postings for the College-sponsored bulletin boards in the internal hallways of the Clovis Community College. In essence, Defendants acted on behalf of the State as explained below.

**3. DEFENDANTS ACTED ON BEHALF OF THE STATE.**

Defendants in the present case were not final policy makers as all State Center Community College District's policies were adopted and approved by the Board of Trustees. In *McMillan v. Monroe County, Alabama*, 520 U.S. 781 (1997), the Supreme Court articulated the parameters for determining whether local governmental officials are final policy makers for the local government, or instead represent the State and qualify for Eleventh Amendment Immunity. *McMillian v. Monroe Cty., Ala.*, 502 U.S. 781, 785 (1997). Two principles guide the inquiry: (i) "whether governmental officials are final policymakers for the local government in a particular area, or on a particular issue,"

4

and (ii) "the definition of the official's functions under relevant state law." *Id.* at 785-86. In the aforementioned case in determining whether sheriffs act on behalf of the county or the state, the Ninth Circuit has focused on whether sheriffs act pursuant to County developed policies, or whether the challenged conduct is simply the execution of state law. *See, e.g., Cortez v. City of Los Angeles*, 294 F.3d 1186 (9th Cir. 2002).

The Ninth Circuit additionally explained in Weiner that, when a county official acts on behalf of the State, the real actor is the State." *Weiner v. San Diego Cnty.*, 210 F.3d 1025 (9th Cir. 2000).

4**. PUNITIVE DAMAGES ARE UNAVAILABLE AGAINST DEFENDANTS.**

It is well established that state officials acting in their official capacities are also immune from punitive damages. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); *Mitchell v. Dupnik,* 75 F.3d 517, 527 (9th Cir.1996).

Here, Plaintiffs claim punitive damages against Defendants in their official and individual capacities. This claim fails for the reasons below.

*a.*       *The Individual Defendants Are All Entitled to Qualified Immunity*

Even if this Court determines that Plaintiff's Complaint does state claims for relief under the theories alleged, each of the individual Defendants is entitled to qualified immunity, and for this reason the claims against them should be dismissed without leave to amend. Defendants named in their individual rather than their official capacities may invoke qualified immunity as a defense. *Wood v. Strickland*, 420 U.S. 308, 318, 95 S. Ct. 992, 43 L. Ed. 2d 214 (1975); *Brandon v. Holt*, 469 U.S. 464, 471-73, 105 S. Ct. 873, 83 L. Ed. 2d 878 (1985). The defense of qualified immunity protects "governmental officials . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct.

The issue of qualified immunity is one to be determined by a Court at the earliest possible stage of litigation. *Anderson v. Creighton*, 483 U.S. 635, 646 n.6. 107 S. Ct. 3034, 97 L. Ed. 2d 523 (1987). As noted by the Ninth Circuit in *Thorsted v. Kelly*, 858 F. 2d 571 (9th Cir., 1988), since

qualified immunity is an immunity from suit, "it is essential that 'insubstantial claims' be resolved as quickly as possible." *Id*. at 575. The qualified immunity test is a two-part inquiry. Initially, the Court must decide if the facts alleged show the official's conduct violated a constitutional right and then whether the right was clearly established. *Saucier v. Katz*, 533 U.S. 194, 201, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001). As the Ninth Circuit noted in *Brewster v. Board of Education*, 149 F.3d 971, 977 (9th Cir. 1988), "qualified immunity provides a protection to government officers that is quite far-reaching. Indeed, it safeguards 'all but the plainly incompetent or those who knowingly violate the law.'" "[I]f officers of reasonable competence could disagree on th[e] issue [whether a chosen course of action is constitutional], immunity should be recognized." *Id*. at 977. Moreover, "[t]he test allows ample room for reasonable error on the part of the [governmental official]." *Id*. The second step of the analysis examines the defendant's awareness. "[T]he relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier*, 533 U.S. at 202.

These authorities confirm that the individual Defendants here are entitled to qualified immunity. When conclusory, blanket assertions of discrimination are set aside, all that is left in the Complaint allegations as to the Defendants is that they supposedly were to disregard the Policy adopted by the duly elected College Board of Trustees and allow Plaintiffs' posters which did not bear any imprimatur to the College. However, as explained in Harlow individual officials were entitled to qualified immunity from civil liability. The doctrine of qualified immunity shields public officials performing discretionary functions from personal liability under certain circumstances. See *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). As the Supreme Court explained in *Anderson v. Creighton*, 483 U.S. 635, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987), "whether an official protected by qualified immunity may be held personally liable for an allegedly unlawful **official** action generally turns on the 'objective legal reasonableness' of the action, assessed in light of the legal rules that were 'clearly established' at the time it was taken." *Id.* at 635, 107 S.Ct. at 3036 (citations omitted) (quoting *Harlow*, 457 U.S. at 818, 819, 102 S.Ct. at 2738, 2738–2739).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE PUNITIVE DAMAGES

In the alternative to the qualified immunity argument, punitive damages in a § 1983 action may be permitted only when the defendant's conduct involves reckless or callous indifference to the plaintiff's federally protected rights, as well as when it is motivated by evil motive or intent. *Smith v. Wade*, 461 U.S. 30, 30, 103 S. Ct. 1625, 1627, 75 L. Ed. 2d 632 (1983).

Neither is the case here as Defendants being a College officials were required by law and their job function to effectuate the College mission and policies. They did all their required due diligence and sought legal counsel's advice on the matter. It is hard to imagine any "evil" intent or motive of their actions.

5. THE PLAINTIFF'S HAVE NOT ALLEGED ACTIONS THAT ARE SUFFICIENT FOR PUNITIVE DAMAGES.

Punitive damages are an exceptional damage, and it is a rare case that affords them. This Complaint alleges violations of 42 U.S.C. 1983, but not for excessive force or violence, and not against law enforcement. Rather, this Complaint alleges that four employees of Clovis Community College, a branch of SCCCD, are personally liable for punitive damages as individuals because they required enforcement of District policy that a poster to go on the wall of the interior of the school identify the club to which it pertains (Dec. GH Ex. "B"; RJN ¶3). The evidence shows that, when the club returned with substantially similar pro-life posters a few months later, that did comply with the policy, they allowed those posters to be posted (Dec. GH ¶13-14; RJN ¶3)

These facts do not support the high standard for punitive damages. While, in a section 1983 case, a for conduct that is "a reckless or callous disregard, or indifference to, the rights or safety of others" (*Smith v. Wade*, 461 U.S. 30, 33 (1983), the cases show that a level of conduct far in excess of policy arguments are required. In *Dang v. Cross*, 422 F.3d 800 (9th Cir. 2005), the court addressed the standard for punitive damages in a section 1983 case. Referring to the model instructions, the 9th Circuit noted that an act is malicious if accompanied by spite, ill will or a grudge (id. at 805), and is oppressive if it violates plaintiff's rights with "unnecessary harshness or severity", including "taking advantage of someone weakness, disability of misfortune" of the plaintiff (Id. at 805), or reckless and callous disregard for the safety of another (Id. at 806). The Dang court cited to *Morgan v. Woessner*, 997 F.2d 1244, 1255 (9th Cir. 1993), where the 9th Circuit held that "a jury

may be permitted to assess punitive damages in an action under section 1983 either when a defendant's conduct was driven by evil motive or intent, or when it involved reckless or callous indifference to the constitutional rights of others".

There is nothing in the pleadings before the court that could remotely rise to such a punitive level as to these four defendants.  The defendants merely enforced an SCCCD policy on where and when to post materials on a school wall.  The declarations in the court file clearly show that the defendants acted on the advice of their counsel, that they always allowed the postings when the rules were followed, and that AFTER the plaintiffs submitted a pro life flier without the club information, the plaintiffs returned with a very similar pro life flier with the proper club information and were allowed to post the flier.  There is no evidence of intentional deprivation or evil ill will, as required by the law.  The evidence shows the defendants, all employees, explaining the policy to the plaintiffs and working with them to correct deficiencies in order to allow postings, to find alternative posting sites, and to help them re-post when taken down.  While plaintiffs may disagree with the SCCCD policy, there is no basis for punitive damages.

### IV. CONCLUSION

The Plaintiffs' Complaint is has improperly asserted punitive damages against Defendants. Defendants respectfully request the punitive damages be struck pursuant to Federal Rule of Civil Procedure 12(f).

1  Dated:  September 1, 2022                                   DeMaria Law Firm, APC

                                        By: ____/s/ Anthony N. DeMaria____
                                                  Anthony N. DeMaria
                                        *Attorneys for Defendants, Dr. Lori Bennett, in her individual and official capacities as President of Clovis Community College, Marco J. De La Garza, in his individual and official capacities as Vice President of Student Services at Clovis Community College, Gurdeep Hebert, in her individual capacity and official capacities as Dean of Student Services at Clovis Community College; Patrick Stumpf, in his individual and official capacities as Senior Program Specialist at Clovis Community College*

DeMaria Law Firm, A.P.C.
Anthony N. DeMaria, #177894
*ademaria@demarialawfirm.com*
Jordan S. Scrivner, Bar # 342862
*jscrivner@demarialawfirm.com*
1690 W. Shaw Ave., Ste. 220
Fresno, California 93711
Telephone:     (559) 206-2410
Facsimile:      (559) 570-0126

Attorneys for Defendants,

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO FLORES; DANIEL FLORES; JULIETTE COLUNGA; and YOUNG AMERICANS FOR FREEDOM AT CLOVIS COMMUNITY COLLEGE,<br><br>Plaintiffs,<br><br>v.<br><br>DR. LORI BENNETT, in her individual and official capacities as President of Clovis Community College; MARCO J. DE LA GARZA, in his individual and official capacities as Vice President of Student Services at Clovis Community College; GURDEEP HÉBERT, in her individual and official capacities as Dean of Student Services at Clovis Community College; and PATRICK STUMPF, in his individual and official capacities as Senior Program Specialist at Clovis Community College,<br><br>Defendants. | Case No.: 1:22-cv-01003-JTL-HBK<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE PUNITIVE DAMAGES**<br><br>Date:  September 23, 2021<br>Time:  9:00A.M.<br>Judge: The Honorable Jennifer L. Thurston |

COMES NOW, Defendants, Dr. Lori Bennett, Patrick Stumpf, Marco De La Garza, and Gurdeep Hebert ("Defendants") , and hereby requests this Court take judicial notice, pursuant to Federal Rule of Evidence 201.

Federal Rule of Evidence 201 specifically provides that judicial notice may be taken where "a fact that is not subject to reasonable dispute because it … (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." (FRE 201(b)(2).)

The instant request is made with respect to specific records of this Court.  Thus, the correctness of the following documents are not reasonably subject to dispute and can be immediately and accurately determined by the review of the Court's own records:

1.  Plaintiff's Complaint for the case entitled *Alejandro Flores; Daniel Flores; Juliette Colunga; and Young Americans For Freedom at Clovis Community Collegev. Dr. Lori Bennett; Marco J. De La Garza; Gurdeep Hebert; and Patrick Stumpf*, United States District Court Eastern District of California Case. No. 1:22-cv-01003-JLT-HBK, filed on or about August 11, 2021, which remains the operative Complaint in this matter.

2.  Defendants' Opposition to Plaintiff's Motion for Preliminary Injunction for the case entitled *Alejandro Flores; Daniel Flores; Juliette Colunga; and Young Americans For Freedom at Clovis Community Collegev. Dr. Lori Bennett; Marco J. De La Garza; Gurdeep Hebert; and Patrick Stumpf*, United States District Court Eastern District of California Case. No. 1:22-cv-01003-JLT-HBK, filed on or about September 1, 2021, and all supporting documents.

3.  Defendants' 12(b)(6) Motion for the case entitled *Alejandro Flores; Daniel Flores; Juliette Colunga; and Young Americans For Freedom at Clovis Community Collegev. Dr. Lori Bennett; Marco J. De La Garza; Gurdeep Hebert; and Patrick Stumpf*, United States District Court Eastern District of California Case. No. 1:22-cv-01003-JLT-HBK, filed on or about September 1, 2021, and all supporting documents.

**DEMARIA LAW FIRM, APC.**
Anthony N. DeMaria
ademaria@demarialawfirm.com

FRESNO, CA OFFICE
1690 W. Shaw Ave., Ste. 220
Fresno, California 93711
Telephone (559) 206-2410
Fax (559) 570-0126

Dated: September 1, 2022                                DeMaria Law Firm, APC

By: _____/S/ Anthony N. DeMaria_____
Anthony N. DeMaria
Jordan S. Scrivner
Attorneys for Defendants,
Dr. Lori Bennett, Patrick Stumpf,
Gurdeep Hebert, and Marco J. De La Garza