DeMaria Law Firm, APC
Anthony N. DeMaria, #177894
*ADemaria@demarialawfirm.com*
Brian K. Chin, # 333976
*BChin@demarialawfirm.com*
1684 W. Shaw Ave. Suite 101
Fresno, California 93711
Telephone:     (559) 206-2410
Facsimile:      (559) 570-0126

*Attorneys for Defendants, Dr. Lori Bennett, in her individual and official capacities as President of Clovis Community College, Marco J. De La Garza, in his individual and official capacities as Vice President of Student Services at Clovis Community College, Gurdeep Hebert, in her individual capacity and official capacities as Dean of Student Services at Clovis Community College; Patrick Stumpf, in his individual and official capacities as Senior Program Specialist at Clovis Community College*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO FLORES;<br><br>DANIEL FLORES;<br><br>JULIETTE COLUNGA; and<br><br>YOUNG AMERICANS FOR FREEDOM AT CLOVIS COMMUNITY COLLEGE,<br><br>                 Plaintiffs,<br><br>        v.<br><br>Dr. Lori Bennett, in her individual and official capacities as President of Clovis Community College;<br><br>Marco J. De La Garza, in his individual and official capacities as Vice President of Student Services at Clovis Community College;<br><br>Gurdeep Hebert, in her individual capacity and official capacities as Dean of Student Services at Clovis Community College; | Case No. 1:22-CV-01003-JLT-HBK<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>**ORAL ARGUMENT REQUESTED**<br><br>Date:<br>Time:<br>Judge:<br><br>Complaint Filed: 08/11/2022 |

---

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

1

2   Patrick Stumpf, in his individual and official
    capacities as Senior Program Specialist at
3   Clovis Community College,

4               Defendants.

5   **TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

6        **NOTICE IS HEREBY GIVEN** that on the above date and time, or as soon thereafter as the

7   matter can be heard in in the courtroom of the Honorable Judge Jennifer L. Thurston of the United

8   States District Court for the Eastern District of California, located at 2500 Tulare St Fresno, CA,

9   Defendants DR. LORI BENNETT, MARCO J. DE LA GARZA, GURDEEP HEBERT and

10  PATRICK STUMPF will, and hereby do, move for an Order dismissing Plaintiff's Complaint under

11  Fed. R. Civ. Proc. 12(b)(1) for the lack of subject-matter jurisdiction and Fed. R. Civ. Proc. 12(b)(6)

12  for failure to state a claim.

13       This Motion will be based on this Notice of Motion, the Memorandum of Points and

14  Authorities, Request for Judicial Notice, the pleadings and records on file in this matter, and on any

15  evidence, including oral and documentary evidence, if any, that may be presented at any later point

16  including the hearing on the motion, and any such further matters as the Court deems appropriate.

17

18  Dated: September 1, 2022                    DeMaria Law Firm, APC

19

20
                                    By:_____/s/ Anthony N. DeMaria_____
21                                            Anthony N. DeMaria
                                    *Attorneys for Defendants, Dr. Lori Bennett, in her*
22                                  *individual and official capacities as President of*
                                    *Clovis Community College, Marco J. De La Garza,*
23                                  *in his individual and official capacities as Vice*
                                    *President of Student Services at Clovis Community*
24                                  *College, Gurdeep Hebert, in her individual capacity*
                                    *and official capacities as Dean of Student Services*
25                                  *at Clovis Community College; Patrick Stumpf, in*
                                    *his individual and official capacities as Senior*
26                                  *Program Specialist at Clovis Community College*

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO
DISMISS PLAINTIFF'S COMPLAINT

**DEMARIA LAW FIRM, APC.**

Anthony N. DeMaria
ademaria@demarialawfirm.com

**FRESNO, CA OFFICE**
1690 W. Shaw Ave., Ste. 220
Fresno, California 93711
Telephone (559) 206-2410
Fax (559) 570-0126

**DENVER, CO OFFICE**
999 18th Street, Suite 3000
Denver, Colorado 80202
Telephone (720) 282-8126
Fax (720) 282-8127

DeMaria Law Firm, APC
Anthony N. DeMaria, #177894
*ADemaria@demarialawfirm.com*
Brian K. Chin, # 333976
*BChin@demarialawfirm.com*
1684 W. Shaw Ave. Suite 101
Fresno, California 93711
Telephone:      (559) 206-2410
Facsimile:       (559) 570-0126

*Attorneys for Defendants, Dr. Lori Bennett, in her individual and official capacities as President of Clovis Community College, Marco J. De La Garza, in his individual and official capacities as Vice President of Student Services at Clovis Community College, Gurdeep Hebert, in her individual capacity and official capacities as Dean of Student Services at Clovis Community College; Patrick Stumpf, in his individual and official capacities as Senior Program Specialist at Clovis Community College*

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO FLORES; | Case No. 1:22-CV-01003-JLT-HBK |
| DANIEL FLORES; | |
| JULIETTE COLUNGA; and | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |
| YOUNG AMERICANS FOR FREEDOM AT CLOVIS COMMUNITY COLLEGE, | |
| Plaintiffs, | |
| v. | Date: |
| | Time: |
| | Judge: |
| Dr. Lori Bennett, in her individual and official capacities as President of Clovis Community College; | Complaint Filed: 08/11/2022 |
| Marco J. De La Garza, in his individual and official capacities as Vice President of Student Services at Clovis Community College; | |
| Gurdeep Hebert, in her individual capacity and official capacities as Dean of Student Services at Clovis Community College; | |

**DEMARIA LAW FIRM, APC.**

Anthony N. DeMaria
ademaria@demarialawfirm.com

FRESNO, CA OFFICE
1690 W. Shaw Ave., Ste. 220
Fresno, California 93711
Telephone (559) 206-2410
Fax (559) 570-0126

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Patrick Stumpf, in his individual and official
capacities as Senior Program Specialist at
Clovis Community College,

 Defendants.

DEFENDANTS' JOINT REPLY TO PLAINTIFFS' OPPOSITION TO JOINT MOTION TO STAY ENTIRE CASE

**DEMARIA LAW FIRM, APC.**

Anthony N. DeMaria
ademaria@demarialawfirm.com

FRESNO, CA OFFICE
1690 W. Shaw Ave., Ste. 220
Fresno, California 93711
Telephone (559) 206-2410
Fax (559) 570-0126

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## TABLE OF CONTENTS

I. INTRODUCTION ........................................................**Error! Bookmark not defined.**

II. FACTUAL BACKGROUND....................................**Error! Bookmark not defined.**

III.  ARGUMENT ........................................................**Error! Bookmark not defined.**

A.    PLAINTIFFS HAVE FAILED TO DEMONSTRATE JURISDICTION. ............ **Error! Bookmark not defined.**

1. DEFENDANTS ARE IMMUNE FROM CLAIMS UNDER THE ELEVENTH AMENDMENT ....................................................................................... **Error! Bookmark not defined.**

2. DEFENDANTS ACTED ON BEHALF OF THE STATE. ......... **Error! Bookmark not defined.**

3. PUNITIVE DAMAGES ARE UNAVAILABLE AGAINST DEFENDANTS. **Error! Bookmark not defined.**

*a.    The Individual Defendants Are All Entitled to Qualified Immunity* **Error! Bookmark not defined.**

*b.    Plaintiffs Have Failed To State A Claim Under Every Cause Of Action* ............... **Error! Bookmark not defined.**

1. PLAINTIFFS HAVE FAILED TO STATE A CLAIM UNDER THE FIRST CAUSE OF ACTION ON THE FACIAL FIRST AMENDMENT CHALLENGE TO THE FLYER POLICY REGARDING PRIOR RESTRAINT. .............................................. **Error! Bookmark not defined.**

*a.    The College Internal Walls Are Not Free Speech Forums.* **Error! Bookmark not defined.**

*b.    Postings on the Interior Walls Of The Instructional Buildings Are Imprimatur To The College And Must Meet The Requirements Established By The Board Of Trustees For The College's Messages.* ..............................................**Error! Bookmark not defined.**

2. PLAINTIFFS HAVE FAILED TO STATE A CLAIM UNDER THE SECOND CAUSE OF ACTION ON THE FACIAL FIRST AMENDMENT CHALLENGE TO THE FLYER POLICY REGARDING VIEWPOINT DISCRIMINATION. ...................... **Error! Bookmark not defined.**

*a.    School-sponsored Bulletin Boards Are Not Public Forums.* **Error! Bookmark not defined.**

*b.    Defendants As Educators Have Control Over Postings Attributable To School…* **Error! Bookmark not defined.**

3. PLAINTIFFS HAVE FAILED TO STATE A CLAIM UNDER THE THIRD CAUSE OF ACTION ON THE FACIAL FIRST AMENDMENT CHALLENGE TO THE FLYER POLICY REGARDING THE OVERBREADTH. .......................................... **Error! Bookmark not defined.**

*a.    Plaintiffs' conduct was not constitutionally protected.* ...**Error! Bookmark not defined.**

4. PLAINTIFFS HAVE FAILED TO STATE A CLAIM UNDER THE FOURTH CAUSE OF ACTION ON THE FACIAL FIRST AMENDMENT CHALLENGE TO THE FLYER POLICY REGARDING VAGUENESS ....................................................... **Error! Bookmark not defined.**

*a.    Plaintiffs Have Failed To State A Claim For Violation Of The Due Process Clause.* **Error! Bookmark not defined.**

5. PLAINTIFFS HAVE FAILED TO STATE A CLAIM UNDER THE FIFTH CAUSE OF ACTION ON THE FACIAL FIRST AMENDMENT CHALLENGE TO THE FLYER POLICY REGARDING VIEWPOINT DISCRIMINATION AGAINST DEFENDANTS IN THEIR INDIVIDUAL CAPACITIES. ....................................................... **Error! Bookmark not defined.**

A.    PLAINTIFFS HAVE FAILED TO ESTABLISH STANDING. **Error! Bookmark not defined.**

DEFENDANTS' JOINT REPLY TO PLAINTIFFS' OPPOSITION TO JOINT MOTION TO STAY ENTIRE CASE

**DEMARIA LAW FIRM, APC.**

Anthony N. DeMaria
ademaria@demarialawfirm.com

FRESNO, CA OFFICE
1690 W. Shaw Ave., Ste. 220
Fresno, California 93711
Telephone (559) 206-2410
Fax (559) 570-0126

1. PLAINTIFFS HAVE FAILED TO ESTABLISH INJURY-IN-FACT SUFFICIENT TO SUPPORT STANDING. .................................................................. **Error! Bookmark not defined.**

IV. CONCLUSION ...................................................................**Error! Bookmark not defined.**

## TABLE OF AUTHORITIES

**CASES**                                                                                    **PAGE**

*Arena v. Graybar Elec. Co.*,
    669 F.3d 214, 223 (5th Cir.2012)……………………………………………………4

*Ashcroft v. Iqbal*,
    556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)………………………8

*Baker v. Racansky*, 8
    87 F.2d 183, 187 (9th Cir.1989)……………………………………………………18

*Bama Tomato Co. v. U.S. Dep't of Agric.*,
    112 F.3d 1542, 1546 (11th Cir.1997)………………………………………………16

*Bankshot Billiards, Inc. v. City of Ocala*,
    *1301 Fla., 634 F.3d 1340, 1349 (11th Cir.2011) )……………………………………17

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544, 555 (2007) )……………………………………………………………8

*Brandon v. Holt*, 4
    69 U.S. 464, 471-73, 105 S. Ct. 873, 83 L. Ed. 2d 878 (1985)………………………7

*Bras v. California Pub. Utilities Comm'n*,
    59 F.3d 869 (9th Cir. 1995)………………………………………………………19, 20

*Brewster v. Board of Education*,
    149 F.3d 971, 977 (9th Cir. 1988)……………………………………………………7

*City of Clinton, Ark. v. Pilgrim's Pride Corp.*,
    632 F.3d 148, 152–53 (5th Cir.2010) )………………………………………………9

*Coakley v. Murphy*,
    884 F.2d 1218, 1222 (9th Cir. 1989) )………………………………………………8

*Collins v. Putt*,
    979 F.3d 128, 135 (2d Cir. 2020)……………………………………………………14

DEMARIA LAW FIRM, APC.

Anthony N. DeMaria
ademaria@demarialawfirm.com

FRESNO, CA OFFICE
1690 W. Shaw Ave., Ste. 220
Fresno, California 93711
Telephone (559) 206-2410
Fax (559) 570-0126

*Cortez v. City of Los Angeles*,
        294 F.3d 1186 (9th Cir. 2002) )…………………………………………………6

*Ctr. for Biological Diversity v. Mattis*,
        868 F.3d 803, 816 (9th Cir. 2017) )……………………………………………19

*Downs v. Los Angeles Unified Sch. Dist.*,
        228 F.3d 1003 (9th Cir. 2000) )……………………………………………...12, 13

*Emesowum v. Hous. Police Dep't*,
        561 Fed.Appx. 372, 372 (5th Cir.2014) )…………………………………………9

*Fernandez–Montes v. Allied Pilots Ass'n*,
        987 F.2d 278, 284 (5th Cir.1993) )……………………………………………..9

*Harlow v. Fitzgerald*,
        457 U.S. 800, 818, 102 S. Ct)………………………………………………..7

*Hays v. LaForge*,
        113 F. Supp. 3d 883, 890 (N.D. Miss. 2015) )…………………………………4

*In re Cutera Securities Litig.*, 6
        10 F.3d 1103, 1107 (9th Cir. 2010) )…………………………………………8

*Jackson v. Hayakawa*,
        682 F.2d 1344, 1349–50 (9th Cir.1982) )………………………………………5

*Lamb's Chapel*,
        508 U.S. at 390, 113 S.Ct. 2141)…………………………………………10, 15

*Lehman v. City of Shaker Heights*,
        418 U.S. 298, 304, 94 S.Ct. 2714, 2717, 41 L.Ed.2d 770 (1974) )…………………15

*Lopez v. Candaele*,
        630 F.3d 775, 785 (9th Cir. 2010) )……………………………………………20

*McMillan v. Monroe County, Alabama*,
        520 U.S. 781 (1997) )………………………………………………..…6

*Mitchell v. Dupnik*,
        75 F.3d 517, 527 (9th Cir.1996) )……………………………………………7

*Mortensen v. Cnty. of Sacramento*,
        368 F.3d 1082 (9th Cir. 2004) )………………………………………………19

*Phillips v. City of Dallas, Tex.*,
        781 F.3d 772, 775–76 (5th Cir.2015) )………………………………………8

DEFENDANTS' JOINT REPLY TO PLAINTIFFS' OPPOSITION TO JOINT MOTION TO STAY ENTIRE CASE

DEMARIA LAW FIRM, APC.

Anthony N. DeMaria
ademaria@demarialawfirm.com

FRESNO, CA OFFICE
1690 W. Shaw Ave., Ste. 220
Fresno, California 93711
Telephone (559) 206-2410
Fax (559) 570-0126

*Planned Parenthood of S. Nevada, Inc. v. Clark Cnty. Sch. Dist.*,
 941 F.2d 817 (9th Cir. 1991) )…………………………………………………10, 11, 12, 13, 14

*Pleasant Grove City, Utah v. Summum*,
 555 U.S. 460, 129 S.Ct. 1125, 1132, 172 L.Ed.2d 853 (2009) )……………………………10

*Rock for Life-UMBC v. Hrabowski*,
 643 F. Supp. 2d 729 (D. Md. 2009), aff'd, 411 F. App'x 541 (4th Cir. 2010)………………18

*Rosenberger v. Rector and Visitors Of The University of Virginia*,
 515 U.S. 819, 829, 115 S.Ct. 2510, 132 L.Ed.2d 700 (1995)………………………10, 12, 15

*Saucier v. Katz*,
 533 U.S. 194, 201, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001)……………………………..7

*Smith v. Wade*,
 461 U.S. 30, 30, 103 S. Ct. 1625, 1627, 75 L. Ed. 2d 632 (1983)…………………………..8

*Spokeo, Inc. v. Robins*,
 578 U.S. 330, 338 (2016) )…………………………………………………………………19

*Thorsted v. Kelly*,
 858 F. 2d 571 (9th Cir., 1988)………………………………………………………………7

*United States v. Frandsen*,
 212 F.3d 1231, 1236–37 (11th Cir.2000) )…………………………………………………10

*United States v. Kokinda*,
 497 U.S. 720, 110 S.Ct. 3115, 3121, 111 L.Ed.2d 571 (1990)……………………………14

*Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*,
 455 U.S. 489, 494, 102 S.Ct. 1186, 1191, 71 L.Ed.2d 362 (1982)………………………..16

*Warren v. Fox Fam. Worldwide, Inc.*,
 328 F.3d 1136 (9th Cir. 2003) )……………………………………………………………..4

*Webb v. Morella*,
 522 Fed.Appx. 238, 241 (5th Cir.2013) )…………………………………………………..9

*Weiner v. San Diego Cnty.*,
 210 F.3d 1025 (9th Cir. 2000) )……………………………………………………………..6

*Wells v. Bd. of Trustees of California State Univ.*,
 393 F. Supp. 2d 990 (N.D. Cal. 2005) )…………………………………………………..5, 6

*Will v. Mich. Dep't of State Police*,
 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989)……………………………………7

DEFENDANTS' JOINT REPLY TO PLAINTIFFS' OPPOSITION TO JOINT MOTION TO STAY ENTIRE CASE

**DEMARIA LAW FIRM, APC.**

Anthony N. DeMaria
ademaria@demarialawfirm.com

FRESNO, CA OFFICE
1690 W. Shaw Ave., Ste. 220
Fresno, California 93711
Telephone (559) 206-2410
Fax (559) 570-0126

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Wood v. Strickland*,
    420 U.S. 308, 318, 95 S. Ct. 992, 43 L. Ed. 2d 214 (1975)…………………………………7


**OTHER AUTHORITY**

    28 U.S.C.A. …………………………………………………………………………..4

    42 U.S.C.A. § 1983……………………………………………………………………5

    U.S.C.A. Const.Amend. 11……………………………………………………………4

    U.S.C.A. Const.Amends. 1, 11………………………………………………………...5

    U.S.C.A. Const.Art. 3, § 2……………………………………………………………19

    Fed.Rules Civ.Proc.Rule 12(b)(1) …………………………………………….………4

    Fed.Rules Civ.Proc.Rule 12(b)(6).. ……………………………………………….……..

DEMARIA LAW FIRM, APC.

Anthony N. DeMaria
ademaria@demarialawfirm.com

FRESNO, CA OFFICE
1690 W. Shaw Ave., Ste. 220
Fresno, California 93711
Telephone (559) 206-2410
Fax (559) 570-0126

DENVER, CO OFFICE
999 18th Street, Suite 3000
Denver, Colorado 80202
Telephone (720) 282-8126
Fax (720) 282-8127

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

---

DEFENDANT STATE CENTER COMMUNITY COLLEGE DISTRICT'S NOTICE OF MOTION AND MOTION
FOR SUMMARY JUDGMENT OR, IN THE ALTERNATE, SUMMARY ADJUDICATION OF ISSUES

**DEMARIA LAW FIRM, APC.**

Anthony N. DeMaria
ademaria@demarialawfirm.com

FRESNO, CA OFFICE
1690 W. Shaw Ave., Ste. 220
Fresno, California 93711
Telephone (559) 206-2410
Fax (559) 570-0126

# I. INTRODUCTION

In the present case, the Plaintiffs' Complaint alleges the violation of the Plaintiffs' First Amendment free speech rights by the Defendants. However, the Plaintiffs failed to demonstrate the subject-matter jurisdiction, Defendants are immune from Claims under the Eleventh Amendment, and Plaintiffs failed to establish standing. In addition to jurisdictional defects, Plaintiffs failed to establish all five causes of action regarding prior restrain on speech, viewpoint discrimination, overbreadth and vagueness, and viewpoint discrimination by the Defendants in their individual capacities.

Therefore, the Plaintiffs' Complaint is incurably implausible, speculative, and contains other substantial flaws. As explained below, it should be dismissed without leave to amend pursuant to Federal Rule of Civil Procedure 12(b)(1) and Federal Rule of Civil Procedure 12(b)(6).

# II. FACTUAL BACKGROUND

Clovis Community College ("The College") is a site operation name for State Center Community College District ("SCCCD") pursuant to California Education Code § 71000, a public entity, which is governed by an elected Board of Trustees, and as such is entitled to create policies relating to the postings on the walls within its own instructional building. The College has a non-public form on its interior walls which is subject to The Colleges' posting policies and SCCCD's AR 5550. Outside in there is a free speech kiosk which is not regulated by these policies. This case revolves around a few flyers that were temporarily declined because they did not adhere to SCCCD and The College's policy regarding posting material on school property. The College has set guidelines both from the school itself and SCCCD, which provide clear instruction on when and how flyers, including requiring be related to a student active and club, can be posted and information that the school is not a public forum. The College posting policy clearly states how many flyers can be put up by a club or individual, where the flyers can be posted, and how the flyers should be posted. The policy also states that any flyer that is not approved will be removed. (Dec.of Dr. Lori Bennett "LB" Ex. B; Request for Judicial Notice ("RJN") ¶3).  Additionally, SCCCD has its own policy for time, place, and manner restriction of speech. In SCCCD's policy it clearly states that the colleges of the district are non-public forums. (Dec.of LB Ex. "A"; RJN ¶3.)

1

DEMARIA LAW FIRM, APC.

Anthony N. DeMaria
ademaria@demarialawfirm.com

FRESNO, CA OFFICE
1690 W. Shaw Ave., Ste. 220
Fresno, California 93711
Telephone (559) 206-2410
Fax (559) 570-0126

This posting policy has been in place, and Plaintiffs utilized the procedure multiple times. (See Dec. of Patrick Stumpf ¶'s 6 and 8, RJN ¶3.) However, on the occasion relating to the pro-life posters Plaintiffs failed to comply with the posting policy and were not permitted to post these files in The College's hallaways, on or about December 1, 2021. (Dec. Gurdeep Herbert "GH"¶10; RJN ¶3.) Later, Platiniffs submitted new pro-life flyers which conformed to the posting policies and were permitted to be posted as it connected to a school club activity. (Id. at ¶'s 13-14; RJN ¶.) The areas that Plaitniffs sought to use for posting were inside of a school building which classrooms, which are not a free speech forums, Plaintiffs were informed of the status of the interior walls and received the explanation that the postings would be directly attributable to The College as if it was The College's own message. (Dec. GH Ex. "B"; RJN ¶3.)

Further, on or around October 29, 2021, Plaintiffs were made aware of the College's policy regarding posting instructions. (Dec. of Patrick Stumpf "PS" Ex. B; RJN ¶3.)On November 8, 2021, Plaintiff, Alejandro Flores (Mr. Flores), brought in three flyers that Young Americans for Freedom ("YAF") wanted to post. None of the flyers mentioned the clubs name and none of the posters referenced a club event. (Dec. of PS Ex. C; RJN ¶3.) That same day, Patrick Stumpf ("Mr. Stumpf") emailed Mr. Flores and informed him that he needed to put the club name on the flyers and tie the flyers back to the local college club. Patrick sent a message to Mr. Flores to let him know he could come back and write on the flyers because he did not want to delay them being posted. (Dec. of PS Ex. D; RJN ¶3.)   Mr. Flores came back into the Student Center and used a marker to write "@yaf_CCC" on the posters. Mr. Stumpf approved these flyers and this was the first day of Freedom week. (Dec. of PS Ex. D; RJN ¶3.)

Also on November 8, 2021, Leslie King brought in one of the posters titled "Leftist Ideas Progress that Always Leads to Death", and stated that Lorrie Hopper was contacting legal counsel. (Dec. of PS ¶10; RJN ¶3.) Leslie, then sent an email to Defendant, Dr. Lori Bennett, that there may be some problems with the "Leftist Ideas" posters, which she attached to the email. Ms. King also wrote that people were very uncomfortable, and that one person said that they would file a harassment claim if the posters did not come down. Dr. Bennett did not respond to the email and reached out to legal counsel for advice. (Dec. of LBEx. "C" ; RJN ¶3.) After a quick investigation it was discovered

DEFENDANTS' JOINT REPLY TO PLAINTIFFS' OPPOSITION TO JOINT MOTION TO STAY ENTIRE CASE

DEMARIA LAW FIRM, APC.

Anthony N. DeMaria
ademaria@demarialawfirm.com

FRESNO, CA OFFICE
1690 W. Shaw Ave., Ste. 220
Fresno, California 93711
Telephone (559) 206-2410
Fax (559) 570-0126

that the social media handle that Mr. Flores had written on the flyers directed people to the national organization instead of the campus club. (Dec.of PS ¶9; RJN ¶3.)

On November 9, 2021, Plaintiffs allege several faculty and staff, not acting in their official capcity, removed without consent of The College, some of Plaintiffs' posters to complaint to the Student Activity Center because they found them offensive and that they had nothing to do with the college. (Dec. of PS ¶10; RJN ¶3.) Mr. Flores came into the office and Mr. Stumpf gave him the posters that had been taken down by faculty and staff wihtout consent of The College. Further, Mr. Stumpf asked Mr. Flores if any of the flyers were missing and Mr. Stumpf told Mr Flores hat he could put the flyers back up. (Dec. of PS ¶10; RJN ¶3.)

On November 14, 2021, Defendant, Gurdeep Hebert ("Ms. Hebert"), emailed Mr. Stumpf that per the adminstration the poster were to come down because the flyers were not official club announcements. (Dec. of GH ¶9; RJN ¶3.) On November 18, 2021, Ms. Hebert and Dr. Hanson had a Zoom meeting to discuss the flyers. During the meeting Ms. Hebert informed Dr. Hanson that the reason for the posters coming down was because the club information was not on the posters, and this was not a club event. (Dec. of GH ¶10; RJN ¶3.)

On December 1, 2021, Mr. Flores brought in 7 different anti-abortion flyers that he wanted to post. The posters were did not state a club name and a college event for which the club was promoting. (Dec. of PS Ex. D.) On December 2, 2021, Ms. Hebert reached out to legal counsel and emailed Mr. Flores and informed him that the flyers could be posted in the Free Speech Kiosk. (Dec. of GH ¶11; RJN ¶3.) However, once Plaitniffs remedied this the issue for the club name and college event they were allowed to post their flyers.

Furthermore, Plaitniffs' have named several individuals who were not decision makers in creating the SCCCD policy; several of the defendants including Gurdeep Herbert, Patrick Stumpf, and Marco De La Garza, did not have any decision making ability when it came to the SCCCD posting policy itself. (Dec.of GH ¶4, Delcaration of PS ¶ 4, and Delcaration of MG ¶4 ;RJN ¶3.) These individuals were simply functioning as employees attempting to fully comply with the SCCCD policy which they were required to abide by, and did so by communicating with counsel to ensure that their actions were proper to the best of their ability. (Dec.of GH ¶11 and Dec of MG ¶ 7;RJN ¶3.) For Dr.

3

DEMARIA LAW FIRM, APC.

Anthony N. DeMaria
ademaria@demarialawfirm.com

FRESNO, CA OFFICE
1690 W. Shaw Ave., Ste. 220
Fresno, California 93711
Telephone (559) 206-2410
Fax (559) 570-0126

Bennett, she contacted general counsel for SCCCD and follow the insturction of General counsel for insturction on following posting on non-public forums in school forums. (Dec.of LB ¶8; RJN ¶3.)

### III. ARGUMENT

**A. PLAINTIFFS HAVE FAILED TO DEMONSTRATE JURISDICTION.**

Federal Rule pf Civil Procedure12(b)(1) allows a party to bring a motion to challenge the Court's subject matter jurisdiction. On a motion to dismiss for lack of subject-matter jurisdiction, the Plaintiff bears the burden of demonstrating jurisdiction, and a court does not presume the truth of factual allegations pertaining to jurisdiction to hear the case. Fed.Rules Civ.Proc.Rule 12(b)(1), 28 U.S.C.A.

When ruling on a challenge to the court's subject matter jurisdiction over a case, a court may look beyond the complaint and consider extrinsic evidence. Fed.Rules Civ.Proc.Rule 12(b)(1), 28 U.S.C.A. *Warren v. Fox Fam. Worldwide, Inc*., 328 F.3d 1136 (9th Cir. 2003). " [A] factual attack under Rule 12(b)(1) may occur at any stage of the proceedings, and plaintiff bears the burden of proof that jurisdiction does in fact exist.' " *Arena v. Graybar Elec. Co.*, 669 F.3d 214, 223 (5th Cir.2012). Eleventh Amendment of the United States Constitution strips courts of jurisdiction over claims against a state that has not consented to suit. U.S.C.A. Const.Amend. 11. Additionally, sovereign immunity is a broad jurisdictional doctrine prohibiting suit against the government absent the government's consent. *Hays v. LaForge*, 113 F. Supp. 3d 883, 890 (N.D. Miss. 2015).

Moreover, the Ninth Circuit held that it is appropriate to address the question of standing in deciding a motion to dismiss for lack of subject matter jurisdiction because the elements of standing are an indispensable part of the plaintiff's case, and, accordingly, must be supported at each stage of litigation in the same manner as any other essential element of the case. Fed.Rules Civ.Proc.Rule 12(b)(1), 28 U.S.C.A. *Warren v. Fox Fam. Worldwide, Inc*., 328 F.3d 1136 (9th Cir. 2003).

**1. DEFENDANTS ARE IMMUNE FROM CLAIMS UNDER THE ELEVENTH AMENDMENT.**

In the given case Defendants Dr. Lori Bennett, the President of Clovis Community College, Marco De La Garza, the Vice President of Student Services at Clovis Community College Gurdeep Hebert, Dean of Student Services at Clovis Community College, Patrick Stumpf, Senior Program Specialist for the Student Activities Office at Clovis Community College, acted only in their official

4

**DEMARIA LAW FIRM, APC.**

Anthony N. DeMaria
ademaria@demarialawfirm.com

FRESNO, CA OFFICE
1690 W. Shaw Ave., Ste. 220
Fresno, California 93711
Telephone (559) 206-2410
Fax (559) 570-0126

capacities in upholding the Clovis Community College and its policies adopted and approved by the Clovis Community College Board of Trustees.

As was established in *Wells v. Bd. of Trustees of California State Univ*. State university and its officers, acting in their official capacity, were entitled to Eleventh Amendment immunity from § 1983 claims. In *Wells* former university track coach, who sought monetary relief and punitive damages for alleged retaliation based on his exercise of free speech rights. U.S.C.A. Const.Amends. 1, 11; 42 U.S.C.A. § 1983. The Court held that CSU and its officers acting in their official capacity are entitled to Eleventh Amendment immunity from § 1983 actions: "Defendant CSU is an instrumentality of the State of California. *Jackson v. Hayakawa*, 682 F.2d 1344, 1349–50 (9th Cir.1982). Thus, CSU and its officers acting in their official capacity are entitled to Eleventh Amendment immunity from § 1983 actions." *Wells v. Bd. of Trustees of California State Univ.,* 393 F. Supp. 2d 990 (N.D. Cal. 2005).

Similar to the *Wells* case, in the instant case all of the defendants were acting in their *official* capacity and attempting to fully effectuate the SCCCD posting policy at The College. Specifically, Dr. Lori Benett's job description as a public employee is, among other things, to ensure compliance with policies of the district and implement the procedures that were in place by the Clovis Community College Board of Trustees. (Dec.of LB¶2; RJN ¶3.) Further, Dr. Bennett did not author AR 5550 which outlines the time, place, and manner restrictions on the campus which are not public forums for free speech, but she was required to uphold and effectuate this policy on the campus. (Dec.of LB¶'s 2-4; RJN ¶3.) Additionally, Gurdeep Herbert, the Dean of Student Services, similarly did not have the authority to unilaterally change The College's posting policy, as her job duties included among other things, a requirement to organize and assist in career development and promote student learning on campus, she also did not author SCCCD's AR 5550. (Dec.of GH ¶'s 3-4; RJN ¶ 3.) Mr. Stumpf, Senior Program Specialist for the Student Activities Office, would be required to approve or deny the applications for posting so long as they complied with the posting policy and AR 5550, which he did not create. (Dec.of PS ¶3-5; RJN ¶ 3.) Finally, Mr. De La Garza, Vice President of Student Services, is responsible, among other things, for overseeing student instruction and senior leadership on campus; he did not create AR 5550. (Dec.of MG ¶ 3-4; RJN

**DEMARIA LAW FIRM, APC.**

Anthony N. DeMaria
ademaria@demarialawfirm.com

FRESNO, CA OFFICE
1690 W. Shaw Ave., Ste. 220
Fresno, California 93711
Telephone (559) 206-2410
Fax (559) 570-0126

¶3.) As in *Wells*, all of these defendants were working in their official capacity and were not permitted to or vested with the power to change AR 5550, nor did they draft AR 5550, and as such they should be entitled to the same Eleventh Amendment immunity from § 1983 actions as described in *Wells v. Bd. of Trustees of California State Univ.*, 393 F. Supp. 2d 990 (N.D. Cal. 2005).

**2. DEFENDANTS ACTED ON BEHALF OF THE STATE.**

As described above in Section (III)(A)(1), Defendants in the present case were not final policy makers as all SCCCD's policies(The College is not a separate legal, but in fact   branch of SCCCD)were adopted and approved by the Board of Trustees. In *McMillan v. Monroe County, Alabama*, 520 U.S. 781 (1997), the Supreme Court articulated the parameters for determining whether local governmental officials are final policy makers for the local government, or instead represent the State and qualify for Eleventh Amendment Immunity. *McMillian v. Monroe Cty., Ala.*, 502 U.S. 781, 785 (1997). Two principles guide the inquiry: (i) "whether governmental officials are final policymakers for the local government in a particular area, or on a particular issue," and (ii) "the definition of the official's functions under relevant state law." *Id.* at 785-86. In the aforementioned case in determining whether sheriffs act on behalf of the county or the state, the Ninth Circuit has focused on whether sheriffs act pursuant to County developed policies, or whether the challenged conduct is simply the execution of state law. *See, e.g., Cortez v. City of Los Angeles*, 294 F.3d 1186 (9th Cir. 2002).The Ninth Circuit additionally explained in Weiner that, when a county official acts on behalf of the State, the real actor is the State." *Weiner v. San Diego Cnty.*, 210 F.3d 1025 (9th Cir. 2000).

Here, all of the named defendants were simply public employees who were enacting the proper time, place, and manner restrictions that were in place pursuant to SCCCD's AR 5550. None of them had the authority to unilaterally overturn this policy, and were actually required to uphold the policy as employees of SCCCD. (See, Dec.of LB¶2; Dec.of GH ¶'s 3-4; Dec.of PS ¶3-5; and Dec.of MG ¶ 3-4; RJN ¶ 3.) As such, none of these employees were the final policy makes are required under the *McMillan v. Monroe County, Alabama*, 520 U.S. 781 (1997) case, and Plaintiffs' claim lacks subject matter jurisdiction. Therefore, Defendants request that this Court grant this motion to dismiss.

DEMARIA LAW FIRM, APC.

Anthony N. DeMaria
ademaria@demarialawfirm.com

FRESNO, CA OFFICE
1690 W. Shaw Ave., Ste. 220
Fresno, California 93711
Telephone (559) 206-2410
Fax (559) 570-0126

**4. PUNITIVE DAMAGES ARE UNAVAILABLE AGAINST DEFENDANTS.**

It is well established that state officials acting in their official capacities are also immune from punitive damages. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); *Mitchell v. Dupnik*, 75 F.3d 517, 527 (9th Cir.1996).

### a.    The Individual Defendants Are All Entitled to Qualified Immunity

Even if this Court determines that Plaintiff's Complaint does state claims for relief under the theories alleged, each of the individual Defendants is entitled to qualified immunity, and for this reason the claims against them should be dismissed without leave to amend. Defendants named in their individual rather than their official capacities may invoke qualified immunity as a defense. *Wood v. Strickland*, 420 U.S. 308, 318, 95 S. Ct. 992, 43 L. Ed. 2d 214 (1975); *Brandon v. Holt*, 469 U.S. 464, 471-73, 105 S. Ct. 873, 83 L. Ed. 2d 878 (1985). The defense of qualified immunity protects "governmental officials . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. As noted by the Ninth Circuit in *Thorsted v. Kelly*, 858 F. 2d 571 (9th Cir., 1988), since qualified immunity is an immunity from suit, "it is essential that 'insubstantial claims' be resolved as quickly as possible." *Id*. at 575. The qualified immunity test is a two-part inquiry. Initially, the Court must decide if the facts alleged show the official's conduct violated a constitutional right and then whether the right was clearly established. *Saucier v. Katz*, 533 U.S. 194, 201, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001). As the Ninth Circuit noted in *Brewster v. Board of Education*, 149 F.3d 971, 977 (9th Cir. 1988), "qualified immunity provides a protection to government officers that is quite far-reaching. Indeed, it safeguards 'all but the plainly incompetent or those who knowingly violate the law.'" "[I]f officers of reasonable competence could disagree on th[e] issue [whether a chosen course of action is constitutional], immunity should be recognized." *Id*. at 977. Moreover, "[t]he test allows ample room for reasonable error on the part of the [governmental official]." *Id*. The second step of the analysis examines the defendant's awareness. "[T]he relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier*, 533 U.S. at 202.

DEFENDANTS' JOINT REPLY TO PLAINTIFFS' OPPOSITION TO JOINT MOTION TO STAY ENTIRE CASE

**DEMARIA LAW FIRM, APC.**

Anthony N. DeMaria
ademaria@demarialawfirm.com

FRESNO, CA OFFICE
1690 W. Shaw Ave., Ste. 220
Fresno, California 93711
Telephone (559) 206-2410
Fax (559) 570-0126

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

　　　　In the alternative to the qualified immunity argument, punitive damages in a § 1983 action may be permitted only when the defendant's conduct involves reckless or callous indifference to the plaintiff's federally protected rights, as well as when it is motivated by evil motive or intent. *Smith v. Wade*, 461 U.S. 30, 30, 103 S. Ct. 1625, 1627, 75 L. Ed. 2d 632 (1983).

　　　　Neither exception is applicable here. The opposition to the punitive damages is more fully developed for this issues filed under FRCP 12 file concurrently herewith.

**A. PLAINTIFFS HAVE FAILED TO STATE A CLAIM UNDER EVERY CAUSE OF ACTION**

　　　　Under Federal Rule of Civil Procedure 12(b)(6), a complaint should be dismissed if it fails to state a claim upon which relief can be granted. Although a complaint attacked by a motion to dismiss does not need "detailed factual allegations," it must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation omitted). A court should dismiss a complaint "if it fails to plead enough facts to state a claim to relief that is plausible on its face." *In re Cutera Securities Litig.,* 610 F.3d 1103, 1107 (9th Cir. 2010) (citation omitted). If a complaint's defects are not curable, the court should dismiss without leave to amend. *See Coakley v. Murphy,* 884 F.2d 1218, 1222 (9th Cir. 1989).

　　　　Plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim; conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss for failure to state a claim. Fed.Rules Civ.Proc.Rule 12(b)(6), 28 U.S.C.A.To state a claim under § 1983, a plaintiff must: (1) allege the violation of a right secured by the constitution and laws of the United States, and (2) must show that the alleged deprivation was committed by a person acting under color of state law. 42 U.S.C.A. § 1983.

　　　　[A plaintiff's] complaint therefore 'must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." ' " *Phillips v. City of Dallas, Tex.,* 781 F.3d 772, 775–76 (5th Cir.2015) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007))). A claim is facially plausible when the pleaded factual content "allows the

DEFENDANTS' JOINT REPLY TO PLAINTIFFS' OPPOSITION TO JOINT MOTION TO STAY ENTIRE CASE

**DEMARIA LAW FIRM, APC.**

Anthony N. DeMaria
ademaria@demarialawfirm.com

FRESNO, CA OFFICE
1690 W. Shaw Ave., Ste. 220
Fresno, California 93711
Telephone (559) 206-2410
Fax (559) 570-0126

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937 (citing *Twombly,* 550 U.S. at 556, 127 S.Ct. 1955). "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *Webb v. Morella,* 522 Fed.Appx. 238, 241 (5th Cir.2013) (per curiam) (quoting *City of Clinton, Ark. v. Pilgrim's Pride Corp.,* 632 F.3d 148, 152–53 (5th Cir.2010) (quotation marks omitted)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (quoting *Fernandez–Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir.1993) (internal quotation marks omitted)). "Dismissal is appropriate when the plaintiff has not alleged 'enough facts to state a claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the speculative level.' " *Emesowum v. Hous. Police Dep't,* 561 Fed.Appx. 372, 372 (5th Cir.2014) (per curiam) (quoting *Twombly,* 550 U.S. at 555, 570, 127 S.Ct. 1955).

**1. PLAINTIFFS HAVE FAILED TO STATE A CLAIM UNDER THE FIRST CAUSE OF ACTION ON THE FACIAL FIRST AMENDMENT CHALLENGE TO THE FLYER POLICY REGARDING PRIOR RESTRAINT.**

In the paragraph 119 of the Complaint Plaintiffs allege that Clovis Community College Flyer Policy is facially unconstitutional under the First Amendment because it operates as a prior restraint on protected student expression. Plaintiffs also allege in Paragraphs 125-128 that they suffered irreparable injury as a result of the denial of their const rights (Plaintiffs' Complaint, ¶18-19). However, the "student expression" argument fails for the following reasons. There was not any "student expression" since posters did not contain any CCC information. Even if it would be deemed that posters constituted "student expression", it was not protected and was not allowed because no forum for free speech was created by the Clovis Community College or by the Defendants.

Plaintiffs' argument regarding the prior restraint on posters is without merit, because as explained below, the Flyer Policy does not infringe upon their First Amendment rights. Specifically, because this is a proper time, place, and manner restriction on the school's walls which as explained in the December 10, 2021 email, the interior walls in the instructional buildings are completely controlled by the school and are not public forms. (Dec.of GH ¶12 Exhibit "B"; RJN ¶ .) Moreover, as explained to Plaintiffs the reason these interior walls are regulated is because the language and

DEFENDANTS' JOINT REPLY TO PLAINTIFFS' OPPOSITION TO JOINT MOTION TO STAY ENTIRE CASE

**DEMARIA LAW FIRM, APC.**

Anthony N. DeMaria
ademaria@demarialawfirm.com

FRESNO, CA OFFICE
1690 W. Shaw Ave., Ste. 220
Fresno, California 93711
Telephone (559) 206-2410
Fax (559) 570-0126

messages posted would be directly attributable to The College. (Ibid.) The posting policies also does not require permission from the College to engage in constitutionally-protected expression, as the students are provided with free speech kiosk outside for their postings. (Dec.of LB ¶7; RJN ¶; See also, *United States v. Frandsen*, 212 F.3d 1231, 1236–37 (11th Cir.2000)[Count One is likely to fail because, to the extent that the Ordinance can be said to be a licensing scheme at all,3 it does not act as a prior restraint on speech—i.e., it does not require permission from the City to engage in constitutionally-protected expression".] )

> ### a. The College Internal Walls Are Not Free Speech Forums.

Plaintiffs' ability to proceed on their claims depends on whether posters were constitutionally protected speech. However, Plaintiffs' postings were not subject to First Amendment protection. The interior walls inside of the building were not designated by The College or  SCCCD as a free speech area. (Dec.of GH ¶12 Exhibit "B"; RJN ¶ .) The purpose of the bulletin board was to allow school clubs to promote their events and activities. Further, materials that are posted on the bulletin boards outside of the free speech kiosks require prior approval because any message they may contain are directly associated with The College and SCCCD and are school sponsored speech.

As was established in *Rosenberger*: "A school district, like a private owner of property, may legally preserve the property under its control for the use to which it is dedicated". *Rosenberger v. Rector and Visitors Of The University of Virginia*, 515 U.S. 819, 829, 115 S.Ct. 2510, 132 L.Ed.2d 700 (1995) (citing *Lamb's Chapel*, 508 U.S. at 390, 113 S.Ct. 2141). As determined in *Pleasant Grove* the elementary school lobby and hallway cannot be compared to a public sidewalk or a public park, both of which are recognized as public forums traditionally open to all manner of speech. *Pleasant Grove City, Utah v. Summum*, 555 U.S. 460, 129 S.Ct. 1125, 1132, 172 L.Ed.2d 853 (2009).

In the present case, the interior walls of the instructional buildings, much like the lobby and hallways in the *Pleasant Grove* case, are not public forums for speech as a sidewalk would be considered. As such, Clovis Community College and College officials who acted on behalf of the College retained an ultimate authority regarding the interior walls inside College's buildings. As stated in *Hazelwood* "School officials could therefore regulate the contents of the paper "in any reasonable manner.*" Hazelwood, 484 U.S.* at 270, 108 S.Ct. at 569. In *Planned Parenthood* the Court analyzing *Hazelwood* stated the following: "Their intent is most clearly evidenced by written

DEMARIA LAW FIRM, APC.

Anthony N. DeMaria
ademaria@demarialawfirm.com

FRESNO, CA OFFICE
1690 W. Shaw Ave., Ste. 220
Fresno, California 93711
Telephone (559) 206-2410
Fax (559) 570-0126

policies that explicitly reserve the right to control content. Their practices were not inconsistent with these policies. Like the school board in *Hazelwood*, the school district here showed an affirmative intent to retain editorial control and responsibility over all publications and advertising disseminated under the auspices of its schools". See *Planned Parenthood of S. Nevada, Inc. v. Clark Cnty. Sch. Dist.*, 941 F.2d 817 (9th Cir. 1991)

Therefore, Plaintiffs have failed to assert facts sufficient to sustain their claims as had no free speech rights to the interior walls of the buildings on the campus. For this reason, Defendants request that this Court dismiss Plaintiff's Complaint.

**b.  Postings on the Interior Walls Of The Instructional Buildings Are Imprimatur To The College And Must Meet The Requirements Established By The Board Of Trustees For The College's Messages.**

As *Hazelwood* affirms: "educators do not offend the First Amendment by exercising editorial control over the style and content of student speech in school-sponsored expressive activities." Therefore, school officials are allowed to regulate content "in any reasonable manner" *Hazelwood*, 484 U.S. at 270, 108 S.Ct. at 569.

In the present case the fact that flyers must be approved and stamped associates them with CCC as it would be own CCC's speech. As explained in the December 10, 2021 email, the reason these interior walls are regulated is because the language and messages posted would be directly attributable to The College. (Dec.of GH ¶12 Exhibit "B"; RJN ¶3.) Further, in the same email, Ms. Herbert explained the interior walls in the instructional buildings are completely controlled by the school and are not public forms. (Ibid.) Therefore, prior restraint analysis is not applicable, and any censorship case law cited by the Plaintiffs is not applicable since The College has all rights to approve, edit or deny speech that is or may be perceived as The College's speech.

**2.  PLAINTIFFS HAVE FAILED TO STATE A CLAIM UNDER THE SECOND CAUSE OF ACTION ON THE FACIAL FIRST AMENDMENT CHALLENGE TO THE FLYER POLICY REGARDING VIEWPOINT DISCRIMINATION.**

**a.  School-sponsored Bulletin Boards Are Not Public Forums.**

In paragraphs 130-134 of the Complaint Plaintiffs allege that The College's Flyer Policy is facially unconstitutional under the First Amendment because it bans speech the government deems offensive, the government engages in viewpoint discrimination, and by prohibiting "inappropriate or offense language or themes" the Flyer policy facially discriminates on the basis of viewpoint in a public forum. (Plaintiffs' Complaint, ¶20).

DEFENDANTS' JOINT REPLY TO PLAINTIFFS' OPPOSITION TO JOINT MOTION TO STAY ENTIRE CASE

DEMARIA LAW FIRM, APC.

Anthony N. DeMaria
ademaria@demarialawfirm.com

FRESNO, CA OFFICE
1690 W. Shaw Ave., Ste. 220
Fresno, California 93711
Telephone (559) 206-2410
Fax (559) 570-0126

1   The Second Cause of Action fails for the reasons stated above and for the following reasons.

2   Plaintiffs mistakenly allege that Flyer Policy "discriminates against their viewpoint in a public

3   forum open to students" (Plaintiffs' Complaint, ¶4). In support of their position Plaintiffs refer to

4   *Widmar v. Vincent*, 454 U.S. 263, 267, 102 S.Ct. 269, 273, 70 L.Ed.2d 440 (1981) and *Rosenberger.*

5   However, as was clearly established by Ninth Circuit in *Planned Parenthood of Southern Nevada,*

6   *Inc. v. Clark County School Dist.* 941 F.2d 817, educators have right to control expressive activity

7   in school publications that students, parents and other members of the public might reasonably

8   perceive to bear the imprimatur of the school. It was established that school-sponsored newspapers,

9   yearbooks and athletic programs, including advertisements, did not constitute a public forum, in

10  light of written policies reserving right to control content, and giving school principals broad

11  authority to limit advertising which might not serve the best interests of the school or create

12  impression that school had endorsed viewpoint in variance with its educational program, and given

13  that there was no evidence that advertisements were accepted for a purpose other than to enable the

14  school to raise revenue to finance the publications and impart journalistic management skills to the

15  students. In other words, educators have right to control expressive activity in school publications

16  that students, parents and other members of the public might reasonably perceive to bear the

17  imprimatur of the school. See *Planned Parenthood*: " School district, by accepting advertisements

18  in high school newspapers, yearbooks and athletic programs did not create a limited public forum

19  for advertisers of lawful goods and services, but retained right to disapprove of advertisements that

20  might carry school-sponsored message to readers of its publications and put school imprimatur on

21  one side of a controversial issue. When school-sponsored speech can fairly be characterized as part

22  of school's mission, First Amendment affords educators greater control in deciding when school will

23  affirmatively promote or lend its name and resources to particular speech." *Planned Parenthood of*

24  *S. Nevada, Inc. v. Clark Cnty. Sch. Dist.*, 941 F.2d 817 (9th Cir. 1991).

25      In *Downs v. Los Angeles Unified School Dist* the Court rejected Downs's argument that even

26  under *Hazelwood*, a school's restrictions on speech "reasonably related to legitimate pedagogical

27  concerns" must still be viewpoint-neutral. The court cited language in R*osenberger v. Rector &*

28  *Visitors of the University of Virginia,* 515 U.S. 819, 834, 115 S.Ct. 2510, 132 L.Ed.2d 700 (1995),

12

DEMARIA LAW FIRM, APC.

Anthony N. DeMaria
ademaria@demarialawfirm.com

FRESNO, CA OFFICE
1690 W. Shaw Ave., Ste. 220
Fresno, California 93711
Telephone (559) 206-2410
Fax (559) 570-0126

for the proposition that the Supreme Court "appear[ed] to have recognized [that] the traditional discussions of viewpoint discrimination do not fit well into the analysis of a school's decision to prohibit student or teacher speech related to the curriculum." *Downs v. Los Angeles Unified Sch. Dist.*, 228 F.3d 1003 (9th Cir. 2000). The Court in *Downs* mentioned citing *DiLoreto*, 196 F.3d at 969 n. 5 :"The Supreme Court has made clear that the question whether the First Amendment requires a school to tolerate certain speech, such as the speech of students, is different from the question whether the First Amendment requires a school to promote or endorse another's speech."

In *Hazelwood*, a high school principal removed from a school newspaper two pages containing an article describing some of the school's students' experiences with pregnancy and an article discussing the impact of divorce on a number of the school's students. 484 U.S. at 263, 108 S.Ct. 562. After concluding that the school newspaper was a nonpublic forum, the Court determined that school officials could regulate the newspaper's contents in "any reasonable manner." Id. at 270, 108 S.Ct. 562.

Pursuant to this analysis, the *Hazelwood* Court declared that a school may "disassociate itself ... from speech that is, for example, ungrammatical, poorly written, inadequately researched, biased or prejudiced, vulgar or profane, or unsuitable for immature audiences." Id. (internal quotations and citations omitted). In addition, schools retain the authority to refuse to sponsor student speech that might reasonably be perceived to advocate drug or alcohol use, irresponsible sex, or conduct otherwise inconsistent with the shared values of a civilized social order, or to associate the school with any position other than neutrality on matters of political controversy. Moreover, in *Downs* the Court held when the school district speaks through bulletin boards that are not "free speech zones," but instead are vehicles for conveying a message from the school district, the school district may formulate that message without the constraint of viewpoint neutrality.

Moreover, the Ninth Circuit Court in *Planned Parenthood of S. Nevada, Inc. v. Clark Cnty. Sch. D* held: "We therefore agree with the district court that the school district's policy of not publishing advertisements that are "controversial, offensive to some groups of persons, that cause tension and anxiety between teachers and parents, and between competing groups such as [Planned Parenthood] and pro-life forces" is a reasonable one. Because of the possible perception of

DEFENDANTS' JOINT REPLY TO PLAINTIFFS' OPPOSITION TO JOINT MOTION TO STAY ENTIRE CASE

**DEMARIA LAW FIRM, APC.**

Anthony N. DeMaria
ademaria@demarialawfirm.com

FRESNO, CA OFFICE
1690 W. Shaw Ave., Ste. 220
Fresno, California 93711
Telephone (559) 206-2410
Fax (559) 570-0126

sponsorship and endorsement, schools within the district could choose to maintain a position of neutrality on a matter of political controversy and not lend their name and resources to Planned Parenthood's advertisements". *(Planned Parenthood of S. Nevada, Inc. v. Clark Cnty. Sch. Dist.*, 941 F.2d 817 (9th Cir. 1991); see also *United States v. Kokinda*, 497 U.S. 720, 110 S.Ct. 3115, 3121, 111 L.Ed.2d 571 (1990) (plurality), [four Justices concluded that a sidewalk leading from a parking lot to a post office was a nonpublic forum.])

The Court mentioned that exclusion of Planned Parenthood's advertisements serves the goal of preserving the schools' editorial control over school-sponsored publications and preventing the advertising sections of those publications from becoming a forum for debate on family planning. The school district and individual school principals could reasonably choose to have the family planning debate take place in the classroom rather than in the advertising pages of its school-sponsored publications.

In the present case, Plaintiffs did not have any First Amendment rights in connection with postings on College Bulletin Boards. However, as Plaintiffs were advised in the explanation email from the Defendant Hebert sent on December 10, 2021, the Free Speech Zones were available at The College and no prior approval was required to post on these kiosks. (Dec.of GH ¶12 Exhibit "B"; RJN ¶ .) Further, much like in the *Hazelwood* case and the *Planned Parenthood* case, the postings on the interior walls are seen as being directly attributable to The College and as such these interior walls are properly subject to time, place, and manner restrictions to prevent The College from being forced to adopt any positions that are posted on it interior walls. It should be noted that there were alternative channels of expression that were provided on campus which were unregulated, and as the First amendment does not guarantee the right to communicate a person's views at all times or where they may desire. (see *Collins v. Putt*, 979 F.3d 128, 135 (2d Cir. 2020), cert. denied, 141 S. Ct. 1465, 209 L. Ed. 2d 181 (2021).) As such, Plaintiffs do not have a free speech right to post these flyers on the interior walls of The College's buildings, and Defendants properly and fairly executed the policies which they were required to follow as part of their employment with SCCCD.

### b. Defendants As Educators Have Control Over Postings Attributable To School.

14

DEMARIA LAW FIRM, APC.

Anthony N. DeMaria
ademaria@demarialawfirm.com

FRESNO, CA OFFICE
1690 W. Shaw Ave., Ste. 220
Fresno, California 93711
Telephone (559) 206-2410
Fax (559) 570-0126

Plaintiffs argue multiple times in their Complaint that Defendants allegedly "fabricated a pretext" to explain the removal of the "Leftist" posters and explain the rejection of the "Pro-life" posters. To address this allegation, we must state that Defendants were not required by law to give any justification to the Plaintiffs on why the flyers were removed although they provided one of the reasons which was not pretextual. Defendant's Hebert email to the Plaintiff Alejandro Flores stated College's position with regard to the bulletin boards where only club announcements were allowed for posting.(Dec.of GH ¶12 Exhibit "B"; RJN ¶.) Nowhere in The College's policies is stated that the internal campus walls may be used to promote anyone's viewpoint. Within the scope of their professional duties Defendants were required to make sure that The College's legitimate interest in maintaining viewpoint neutrality and not associate The College with any particular viewpoint is upheld. When in the course of the Defendants' further legitimate inquiry into the appropriateness of the Plaintiffs' flyers and its compatibility with The College's policies it appeared that numerous policy violations were found it was entirely within the scope of Defendants authority to legally remove the flyers not to associate the The College' with the particular viewpoint or even prevent the appearance of such association.

Moreover, flyers that Defendants submitted as exhibits clearly show the address of the outside organization and its website. CCC had no policy offering its internal bulletin boards to the outside organizations. When Defendants correctly determined that flyers do not in any way relate to the CCC they were legitimately taken down. The same explanation and analysis is applicable to the legality of Defendants' rejection of the Pro-life flyers.

As was stated previously "school district, like a private owner of property, may legally preserve the property under its control for the use to which it is dedicated. (*Rosenberger v. Rector and Visitors Of The University of Virginia*, 515 U.S. 819, 829, 115 S.Ct. 2510, 132 L.Ed.2d 700 (1995) (citing Lamb's Chapel, 508 U.S. at 390, 113 S.Ct. 2141).)

Here, Plaintiffs recognize in the Complaint that all posters must be approved and stamped by the CCC Student Center Staff (Plaintiffs' Complaint, ¶10). Therefore, as cited above in Hazelwood, college officials had the right to decide if the school "will affirmatively "promote" or "lend its name and resources" to particular speech. school." *Hazelwood*, 484 U.S. at 271–72, 108 S.Ct. at 570–71. As stated in Cornelius: "Although the avoidance of controversy is not a valid ground for restricting speech in a public forum, a nonpublic forum by definition is not dedicated to

DEFENDANTS' JOINT REPLY TO PLAINTIFFS' OPPOSITION TO JOINT MOTION TO STAY ENTIRE CASE

**DEMARIA LAW FIRM, APC.**

Anthony N. DeMaria
ademaria@demarialawfirm.com

FRESNO, CA OFFICE
1690 W. Shaw Ave., Ste. 220
Fresno, California 93711
Telephone (559) 206-2410
Fax (559) 570-0126

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

general ebate or the free exchange of ideas." (*Cornelius*, 473 U.S. at 811, 105 S.Ct. at 3453; cf. *Lehman v. City of Shaker Heights*, 418 U.S. 298, 304, 94 S.Ct. 2714, 2717, 41 L.Ed.2d 770 (1974).) As such, were required to exercise their control on the postings on the interior walls of the school as required by the posting policy and AR 5550, as such Plaintiffs did not have a free speech right to these interior walls.

**3. PLAINTIFFS HAVE FAILED TO STATE A CLAIM UNDER THE THIRD CAUSE OF ACTION ON THE FACIAL FIRST AMENDMENT CHALLENGE TO THE FLYER POLICY REGARDING THE OVERBREADTH.**

In paragraphs 145-146 of the Complaint Plaintiffs allege that Clovis Community College Flyer Policy is facially unconstitutional under the First Amendment because of the substantial number on unconstitutional applications of the Policy and reasoning that any flyer can be deemed offensive by adherence to the opposing view. In responding to this allegation, we must state, first, that Plaintiffs failed to plead in its entirety that Defendants allegedly adhered to the opposing views. In addition, this Cause of Action fails for the following reasons.

    **a.** *Plaintiffs' conduct was not constitutionally protected.*

As was established in previous challenges regarding to government policy in relation to overbreadth: "Cause of action is likely to fail because the Ordinance does not reach constitutionally protected conduct. See *Bama Tomato Co. v. U.S. Dep't of Agric.,* 112 F.3d 1542, 1546 (11th Cir.1997) ("In a facial challenge to the overbreadth ... of a law, a court's first task is to determine whether the enactment reaches a substantial amount of constitutionally protected conduct" and "[i]f it does not, then the overbreadth challenge must fail" (quoting *Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 494, 102 S.Ct. 1186, 1191, 71 L.Ed.2d 362 (1982))).

Plaintiffs did not have any First Amendment rights in connection with postings on College Bulletin Boards. However, as Plaintiffs were advised in the explanation email from the Defendant Hebert sent on December 10, 2021, the Free Speech Zones were available at The College and no prior approval was required to post on these kiosks.(Dec.of GH ¶12 Exhibit "B"; RJN ¶ .) Further, much like in the *Hazelwood* case and the *Planned Parenthood* case, the postings on the interior walls are seen as being directly attributable to The College and as such these interior walls are properly subject to time, place, and manner restrictions to prevent The College from being forced to adopt any positions that are posted on it interior walls. Therefore, Plaintiffs' conduct in this case was not constitutionally protected, therefore the Third Cause of action fails against all Defendants.

**4. PLAINTIFFS HAVE FAILED TO STATE A CLAIM UNDER THE FOURTH CAUSE OF ACTION ON THE FACIAL FIRST AMENDMENT CHALLENGE TO THE FLYER POLICY REGARDING**

16

DEMARIA LAW FIRM, APC.

Anthony N. DeMaria
ademaria@demarialawfirm.com

FRESNO, CA OFFICE
1690 W. Shaw Ave., Ste. 220
Fresno, California 93711
Telephone (559) 206-2410
Fax (559) 570-0126

**VAGUENESS**

### *a. Plaintiffs Have Failed To State A Claim For Violation Of The Due Process Clause.*

In the Fourth Cause of Action Plaintiffs allege that the Flyer Policy is void for vagueness and that Plaintiffs allegedly were denied due process. A vagueness challenge is available only when the plaintiff "alleges a constitutional harm." *Indigo Room, Inc. v. City of Fort Myers*, 710 F.3d 1294, 1301 (11th Cir.2013) . The plaintiff must either have been prosecuted for violating the challenged rule or have been "chilled from engaging in constitutionally protected activity." Id. The plaintiff has not been prosecuted, and the defendants assert the plaintiff "has not been deprived of [its] constitutionally protected free speech interest."

"The Fourteenth Amendment prohibits States and their components from depriving any person of life, liberty, or property, without due process of law." *Bankshot Billiards, Inc. v. City of Ocala*, *1301 Fla., 634 F.3d 1340, 1349 (11th Cir.2011) (internal quotation marks omitted). Due process encompasses the concepts of notice and fair warning, and at its core is the principle "that no man shall be held criminally responsible for conduct which he could not reasonably understand to be proscribed." (*Id*.) The court "review[s] statutes for vagueness concerns only when a litigant alleges a constitutional harm." *Bankshot Billiards*, 634 F.3d at 1349. These harms come in two forms. "In the first form, a person violates the vague law, is indicted, and then moves the trial court to dismiss the indictment ... arguing that he did not receive notice that his conduct was proscribed."4 *Id*. The constitutional harm in this context is "the deprivation of liberty." *Id*. at 1349–50. The second form is implicated when a litigant asks the court to review a vague statute before it is enforced. *Id*. at 1350. Such claims are reviewed because "the litigant is chilled from engaging in constitutionally protected activity." *Id*. Thus, the second type of vagueness challenge "provides law-abiding citizens with a middle-road between facing prosecution and refraining from otherwise constitutional conduct." *Id*.

As previously described, Plaintiffs did not have a right of expression on these interior walls as they have suggested. Instead, they were advised that these interior walls require specific posting instructions, and the purpose would be to allow for clubs to promote their activities and would require approval because any statements would be directly attributed to The College. (Dec.of GH ¶12 Exhibit "B"; RJN ¶3 .) Therefore, this policy is clear and sets for the proper criteria that would allow a reasonable person to understand the specific parameters to postings on the interior walls, which in fact the Plaintiffs are well aware of given the denial of their posters on or about December 1, 2021. (Dec. GH ¶10; RJN ¶3), which similar posters were later, approved with the same content, which conformed to the posting policies and were permitted to be posted as it connected to a school

DEFENDANTS' JOINT REPLY TO PLAINTIFFS' OPPOSITION TO JOINT MOTION TO STAY ENTIRE CASE

**DEMARIA LAW FIRM, APC.**

Anthony N. DeMaria
ademaria@demarialawfirm.com

FRESNO, CA OFFICE
1690 W. Shaw Ave., Ste. 220
Fresno, California 93711
Telephone (559) 206-2410
Fax (559) 570-0126

club activity. (Id. at ¶'s 13-14; RJN ¶.3) This instance shows, that Plaintiffs were able to determines the requirements of the policy and meet all of the necessary postings demonstrating that this policy is not vague.

**5. PLAINTIFFS HAVE FAILED TO STATE A CLAIM UNDER THE FIFTH CAUSE OF ACTION ON THE FACIAL FIRST AMENDMENT CHALLENGE TO THE FLYER POLICY REGARDING VIEWPOINT DISCRIMINATION AGAINST DEFENDANTS IN THEIR INDIVIDUAL CAPACITIES.**

In the Fifth Cause of Action Plaintiff allege that Defendants were engaged in knowing and willful violation of their First Amendment rights. However, as explained above, the First Amendment protection was not warranted in this case. In addition, as previously argued, qualified immunity shields government officials performing discretionary functions from personal-capacity liability for civil damages under § 1983, insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. 42 U.S.C.A. § 1983.*Rock for Life-UMBC v. Hrabowski*, 643 F. Supp. 2d 729 (D. Md. 2009), aff'd, 411 F. App'x 541 (4th Cir. 2010)

The relevant inquiry is whether the defendants reasonably could have believed that their conduct was lawful "in light of clearly established law and the information [that they] possessed." *Baker v. Racansky,* 887 F.2d 183, 187 (9th Cir.1989) (internal quotations omitted). For a right to be clearly established, it must be " 'sufficiently clear that a reasonable official would understand that what he is doing violates that right.... [I]n the light of pre-existing law the unlawfulness must be apparent.' " I*d*. at 186 (quoting Anderson, 483 U.S. at 639–640, 107 S.Ct. at 3039). It is the plaintiff's burden to prove that the right that the defendants violated was clearly established at the time of the alleged misconduct. *Id.* In the present case, Plaintiffs did not prove any of these. Instead, all of the named defendants were simply public employees who were enacting the proper time, place, and manner restrictions that were in place pursuant to SCCCD's AR 5550. None of them had the authority to unilaterally overturn this policy, and were actually required to uphold the policy as employees of SCCCD. (See, Dec.of LB¶2; Dec.of GH ¶'s 3-4; Dec.of PS ¶3-5; and Dec.of MG ¶ 3-4; RJN ¶ 3.) As such, Plaintiffs have failed to meet their burden to demonstrate that Defendants, and each of them discriminated against Plaintiffs based on Plaintiffs' viewpoint.

DEFENDANTS' JOINT REPLY TO PLAINTIFFS' OPPOSITION TO JOINT MOTION TO STAY ENTIRE CASE

DEMARIA LAW FIRM, APC.

Anthony N. DeMaria
ademaria@demarialawfirm.com

FRESNO, CA OFFICE
1690 W. Shaw Ave., Ste. 220
Fresno, California 93711
Telephone (559) 206-2410
Fax (559) 570-0126

## B.  PLAINTIFFS HAVE FAILED TO ESTABLISH STANDING.

To establish Article III standing, an injury must be concrete, particularized, and actual or imminent, fairly traceable to the challenged action, and redressable by a favorable ruling. U.S.C.A. Const. Art. 3, § 1 et seq. The three requirements for Article III standing are: first, the plaintiff must have suffered an injury in fact; second, he must show a causal relationship between the injury and the challenged conduct; and third, there must be a likelihood that his injury will be redressed by a favorable decision from the court. U.S.C.A. Const.Art. 3, § 2. Mortensen v. Cnty. of Sacramento, 368 F.3d 1082 (9th Cir. 2004).

In order to have Article III standing for a preenforcement challenge to an allegedly unconstitutional statute, a plaintiff must show that he is under threat of suffering an injury in fact; it is not necessary that the plaintiff first expose himself to actual arrest or prosecution to be entitled to challenge the statute that he claims deters the exercise of his constitutional rights, but the plaintiff must plead, and prove in later stages of litigation, an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and that there exists a credible threat of prosecution thereunder. U.S.C.A. Const. Art. 3, § 1 et seq.

For Plaintiffs seeking declaratory and injunctive relief it is insufficient to demonstrate that they were injured in past to meet injury in fact requirement for federal standing under Article 3 of Constitution; instead, plaintiff had to show very significant possibility of future harm to have standing. *Bras v. California Pub. Utilities Comm'n*, 59 F.3d 869 (9th Cir. 1995).

### 1. PLAINTIFFS HAVE FAILED TO ESTABLISH INJURY-IN-FACT SUFFICIENT TO SUPPORT STANDING.

To establish Article III standing, Plaintiffs in this case must have demonstrated: (1) an "actual or imminent," "concrete and particularized" injury-in-fact, (2) a "causal connection between the injury" and the challenged action, and (3) a likelihood that the "injury will be redressed by a favorable decision." *Lujan,* 504 U.S. at 560-61. "Three elements form the '"irreducible constitutional minimum" of standing' to file suit in federal court." Ctr. for *Biological Diversity v. Mattis*, 868 F.3d 803, 816 (9th Cir. 2017) (quoting Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016)). "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial

DEMARIA LAW FIRM, APC.

Anthony N. DeMaria
ademaria@demarialawfirm.com

FRESNO, CA OFFICE
1690 W. Shaw Ave., Ste. 220
Fresno, California 93711
Telephone (559) 206-2410
Fax (559) 570-0126

decision." Id. (quoting *Spokeo*, 578 U.S. at 338). "The injury in fact must constitute 'an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical.'" *Lopez v. Candaele*, 630 F.3d 775, 785 (9th Cir. 2010) (quoting *Lujan*, 504 U.S. at 560).In addition, for Plaintiffs seeking declaratory and injunctive relief it is insufficient to demonstrate that they were injured in past to meet injury in fact requirement for federal standing under Article 3 of Constitution; instead, plaintiff had to show very significant possibility of future harm to have standing. *Bras v. California Pub. Utilities Comm'n*, 59 F.3d 869 (9th Cir. 1995).

In the present case Plaintiffs allege that they suffered irreparable injury as a result of the denial of their constitutional rights. However, they, first, failed to plead a concrete and particularized injury, second, they did not show very significant possibility of future harm, and, third, Plaintiffs did not show their interest was constitutionally protected.

Moreover, in their Complaint Plaintiffs acknowledge that they regularly receive materials from the National Young America Foundation "for campus display" (Plaintiffs' Complaint, ¶9). Posters Plaintiffs presented for display, both "Leftist" and "Pro-life" did not contain any reference to the Clovis Community College as was required. Instead, posters contained the website and address of the headquarters of the National YAF organization which was not a recognized club at Clovis Community College. (Dec. GH ¶10; RJN ¶3.)

Moreover, on the later occasions, when Plaintiffs sought approval of the posters with the The College club logo and name on them, posters were approved. (Id. at ¶'s 13-14; RJN ¶.) This shows that if Plaintiffs comply with the policy and do not submit outside materials for approval they did not and are not going to suffer any injury to their alleged rights. However, in this case, their activity of posting flyers not bearing the relation to the College Club on the College walls, was not constitutionally protected as additionally explained below.

## IV. CONCLUSION

The Plaintiffs' Complaint is incurably implausible and speculative, and contains other substantial flaws. Defendants respectfully request it be dismissed without leave to amend pursuant to Federal Rule of Civil Procedure 12(b)(1) and Federal Rule of Civil Procedure 12(b)(6).

DEFENDANTS' JOINT REPLY TO PLAINTIFFS' OPPOSITION TO JOINT MOTION TO STAY ENTIRE CASE

**DEMARIA LAW FIRM, APC.**

Anthony N. DeMaria
ademaria@demarialawfirm.com

FRESNO, CA OFFICE
1690 W. Shaw Ave., Ste. 220
Fresno, California 93711
Telephone (559) 206-2410
Fax (559) 570-0126

Dated:  September 1, 2022                                    DeMaria Law Firm, APC


By:_____/s/ Anthony N. DeMaria_____
              Anthony N. DeMaria
*Attorneys for Defendants, Dr. Lori Bennett, in her
individual and official capacities as President of
Clovis Community College, Marco J. De La Garza,
in his individual and official capacities as Vice
President of Student Services at Clovis Community
College, Gurdeep Hebert, in her individual capacity
and official capacities as Dean of Student Services
at Clovis Community College; Patrick Stumpf, in
his individual and official capacities as Senior
Program Specialist at Clovis Community College*

---

21

DEMARIA LAW FIRM, APC.

Anthony N. DeMaria
ademaria@demarialawfirm.com

FRESNO, CA OFFICE
1690 W. Shaw Ave., Ste. 220
Fresno, California 93711
Telephone (559) 206-2410
Fax (559) 570-0126

1  DeMaria Law Firm, A.P.C.
2  Anthony N. DeMaria, #177894
   *ademaria@demarialawfirm.com*
   Jordan S. Scrivner, Bar # 342862
3  *jscrivner@demarialawfirm.com*
4  1690 W. Shaw Ave., Ste. 220
   Fresno, California 93711
   Telephone:     (559) 206-2410
5  Facsimile:     (559) 570-0126

6  Attorneys for Defendants,

7

8              UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

11 ALEJANDRO FLORES; DANIEL FLORES;        Case No.: 1:22-cv-01003-JTL-HBK
   JULIETTE COLUNGA; and YOUNG
12 AMERICANS FOR FREEDOM AT CLOVIS         **REQUEST FOR JUDICIAL NOTICE IN**
   COMMUNITY COLLEGE,                       **SUPPORT OF DEFENDANTS' MOTION**
                                            **TO DISMISS PLAINTIFF'S COMPLAINT**
13 Plaintiffs,
                                            Date:   September 23, 2021
14        v.                                Time:  9:00A.M.
                                            Judge: The Honorable Jennifer L. Thurston
15 DR. LORI BENNETT, in her individual and
   official capacities as President of Clovis
16 Community College; MARCO J. DE LA
   GARZA, in his individual
17 and official capacities as Vice President of
   Student Services at Clovis Community
18 College; GURDEEP HÉBERT, in her
   individual and official capacities as Dean of
19 Student Services at Clovis Community
   College; and PATRICK STUMPF, in his
20 individual and official capacities as Senior
   Program Specialist at Clovis Community
21 College,

22 Defendants.

23

24

25

26

27

28

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
COMPLAINT

DEMARIA LAW FIRM, APC.

Anthony N. DeMaria
ademaria@demarialawfirm.com

FRESNO, CA OFFICE
1690 W. Shaw Ave., Ste. 220
Fresno, California 93711
Telephone (559) 206-2410
Fax (559) 570-0126

COMES NOW, Defendants, Dr. Lori Bennett, Patrick Stumpf, Marco De La Garza, and Gurdeep Hebert ("Defendants") , and hereby requests this Court take judicial notice, pursuant to Federal Rule of Evidence 201.

Federal Rule of Evidence 201 specifically provides that judicial notice may be taken where "a fact that is not subject to reasonable dispute because it … (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." (FRE 201(b)(2).)

The instant request is made with respect to specific records of this Court.  Thus, the correctness of the following documents are not reasonably subject to dispute and can be immediately and accurately determined by the review of the Court's own records:

1.      Plaintiff's Complaint for the case entitled *Alejandro Flores; Daniel Flores; Juliette Colunga; and Young Americans For Freedom at Clovis Community Collegev. Dr. Lori Bennett; Marco J. De La Garza; Gurdeep Hebert; and Patrick Stumpf*, United States District Court Eastern District of California Case. No. 1:22-cv-01003-JLT-HBK, filed on or about August 11, 2021, which remains the operative Complaint in this matter.

2.      Defendants' Opposition to Plaintiff's Motion for Preliminary Injunction for the case entitled *Alejandro Flores; Daniel Flores; Juliette Colunga; and Young Americans For Freedom at Clovis Community Collegev. Dr. Lori Bennett; Marco J. De La Garza; Gurdeep Hebert; and Patrick Stumpf*, United States District Court Eastern District of California Case. No. 1:22-cv-01003-JLT-HBK, filed on or about September 1, 2021, and all supporting documents.

3.      Defendants' 12(b)(6) Motion for the case entitled *Alejandro Flores; Daniel Flores; Juliette Colunga; and Young Americans For Freedom at Clovis Community Collegev. Dr. Lori Bennett; Marco J. De La Garza; Gurdeep Hebert; and Patrick Stumpf*, United States District Court Eastern District of California Case. No. 1:22-cv-01003-JLT-HBK, filed on or about September 1, 2021, and all supporting documents.

4.      Defendants' 12(4) Motion for the case entitled *Alejandro Flores; Daniel Flores; Juliette Colunga; and Young Americans For Freedom at Clovis Community Collegev. Dr. Lori Bennett; Marco J. De La Garza; Gurdeep Hebert; and Patrick Stumpf*, United States District Court

**DEMARIA LAW FIRM, APC.**

Anthony N. DeMaria
ademaria@demarialawfirm.com

FRESNO, CA OFFICE
1690 W. Shaw Ave., Ste. 220
Fresno, California 93711
Telephone (559) 206-2410
Fax (559) 570-0126

1  Eastern District of California Case. No. 1:22-cv-01003-JLT-HBK, filed on or about September 1,

2  2021, and all supporting documents.

3

4

5  Dated:  September 1, 2022                              DeMaria Law Firm, APC

6

7

By:_____/s/ Anthony N. DeMaria_____

8                                                     Anthony N. DeMaria
                                                    Jordan S. Scrivner
9                                                   Attorneys for Defendants,
                                            Dr. Lori Bennett, Patrick Stumpf,
10                                          Gurdeep Hebert, and Marco J. De La Garza

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT