DANIEL M. ORTNER (California State Bar No. 329866)
daniel.ortner@thefire.org
JEFFREY D. ZEMAN (Pennsylvania Bar No. 328570)*
jeff.zeman@thefire.org
FOUNDATION FOR INDIVIDUAL RIGHTS AND EXPRESSION
510 Walnut Street, Suite 900
Philadelphia, PA 19106
Telephone: (215) 717-3473
Attorneys for Plaintiffs

*Admitted *Pro Hac Vice*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

ALEJANDRO FLORES, ET AL.,

    *Plaintiffs*,

    v.

DR. LORI BENNETT, ET AL.,

    *Defendants*.

Civil Action No: 1:22-cv-01003-JLT-HBK

**JOINT MOTION FOR ENTRY OF STIPULATED PERMANENT INJUNCTION, JUDGMENT, AND ORDER**

Pursuant to Federal Rules of Civil Procedure 50(a) and 57, Plaintiffs Alejandro Flores, Daniel Flores, Juliette Colunga and Young Americans for Freedom at Clovis Community College, and Defendants Dr. Lori Bennett, Marco J. De La Garza, Gurdeep Hébert, and Patrick Stumpf, in their official capacities as administrators and employees of Clovis Community College, as well as State Center Community College District, jointly request that the Court issue the attached proposed stipulated permanent injunction, judgment, and order, adding State Center Community College District as a defendant and resolving Plaintiffs' claims for declaratory and injunctive relief in this case.

This proposed permanent injunction and order is contingent on the Court accepting the proposed permanent injunction in its entirety. If the Court does not accept any aspect of the

proposed permanent injunction and order, the Parties agree that the proposed permanent injunction and order will become null and void and may not be used as the basis for any judgment in the case.

The parties hereby waive any requirement for a more specific or detailed order which may be imposed by Fed. R. Civ. P. 65(d), other statutory authority, or common law.

The undersigned counsel represent that they have been granted authority by their respective clients, including State Center Community College District, to execute this stipulation.

Dated: July 18, 2024  FOUNDATION FOR INDIVIDUAL RIGHTS AND EXPRESSION

By:  /s/ DANIEL M. ORTNER

DANIEL M. ORTNER (California State Bar No. 329866)
JEFFREY D. ZEMAN (Pennsylvania Bar No. 328570)*
JAMES M. DIAZ (Vermont Bar No. 5014)*
FOUNDATION FOR INDIVIDUAL RIGHTS AND EXPRESSION
510 Walnut Street, Suite 900
Philadelphia, PA 19106
Telephone: (215) 717-347
daniel.ortner@thefire.org
jeff.zeman@thefire.org
jay.m.diaz@thefire.org

*Attorneys for Plaintiffs*

*Admitted *Pro Hac Vice*

2

JOINT MOTION FOR ENTRY OF STIPULATED PERMANENT INJUNCTION, JUDGMENT, AND ORDER

| | |
|---|---|
| Dated: July 18, 2024 | DEMARIA LAW FIRM |

By:  /s/ ANTHONY N. DEMARIA

Anthony N. DeMaria, #177894
ademaria@demarialawfirm.com
Brian K. Chin, #333976
bchin@demarialawfirm.com
1684 W. Shaw Ave. Suite 1014
Fresno, California 93711
Telephone: (559) 206-2410
Facsimile: (559) 570-0126

*Attorneys for Defendants and State Center Community College District*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
# FRESNO DIVISION

| | |
|---|---|
| ALEJANDRO FLORES, ET AL., <br><br> Plaintiffs, <br> v. <br> DR. LORI BENNETT, ET AL., <br><br> Defendants. | Civil Action No: 1:22-cv-01003-JLT-HBK <br><br> **[PROPOSED] ENTRY OF PERMANENT INJUNCTION, JUDGMENT, AND ORDER** |

The Court, having considered the Plaintiffs' claims through a motion for preliminary injunction and having granted that motion (ECF No. 40), finds that entry of the Parties' proposed stipulated permanent injunction, judgment, and order is appropriate. Therefore, upon the agreement of all parties to this action, as well as State Center Community College District, the Court enters the following order:

WHEREAS, Plaintiff Young Americans for Freedom at Clovis Community College (YAF-Clovis) is a recognized student-club that advocates for conservative principles including "individual freedom, a strong national defense, free enterprise, and traditional values." Verified Complaint, ECF No. 1, ¶ 44.

WHEREAS, Plaintiffs Alejandro Flores, Daniel Flores, and Juliette Colunga were students at Clovis Community College and student leaders of YAF-Clovis during the events described in the Verified Complaint.

WHEREAS, YAF-Clovis and its student leaders attempted to post flyers promoting the group's anti-communist and pro-life viewpoints on the student-club bulletin boards in the Clovis Community College student center.

WHEREAS, Clovis Community College maintained Poster/Flyer Instructions that

authorized administrators and staff to reject student flyers from being posted on interior bulletin boards if those flyers were deemed "inappropriate" or "offensive."

WHEREAS, Defendant Dr. Lori Bennett was the President of Clovis Community College, Marco J. De La Garza was Vice President of Student Services, Gurdeep Hébert was the Dean of Student Services, and Patrick Stumpf was a Senior Program Specialist during the events described in the Verified Complaint.

WHEREAS, the Poster/Flyer Instructions in place at the times asserted in the Verified Complaint subjected the Plaintiffs to the potential for viewpoint discrimination for their requested postings and did not meet the First Amendment requirements for college posting procedures.

WHEREAS, Plaintiffs filed their Verified Complaint on August 11, 2022, and also filed a motion for preliminary injunction that same day.

WHEREAS, Plaintiffs argued in their Verified Complaint and preliminary injunction motion that administrators and employees of Clovis Community College, applied the Poster/Flyer Instructions to remove YAF-Clovis's anti-communist flyers and prevent the club's posting of pro-life flyers and also that the Poster/Flyer Instructions were unconstitutionally viewpoint based, overbroad, vague, and an improper prior restraint on speech.

WHEREAS, the Defendants were sued in both their official capacities for declaratory and injunctive relief, and their individual capacities for damages.

WHEREAS, this Court and the Ninth Circuit Court of Appeals both ruled that the Poster/Flyer Instructions likely violated the First and Fourteenth Amendments to the United States Constitution on its face by being both unconstitutionally overbroad and vague and posing "an unacceptable risk of the suppression of ideas otherwise protected by the First Amendment." Order, ECF No. 40, at 22.

WHEREAS, this Court preliminarily enjoined the Post/Flyer Instructions "in so far as [they] require[] preapproval from College administrators or staff and prohibit[] 'inappropriate or offense language or themes.'" Order, ECF No. 40, at 31.

WHEREAS, Clovis Community College is a college in the State Center Community College District, a political subdivision of the State of California.

WHEREAS, the parties and State Center Community College District jointly agree that the Court should enter a stipulated permanent injunction in this case to bind State Center Community College District, all of its subsidiary colleges and educational centers, and their administrators, employees, or agents, including those administrators, employees, or agents currently holding the positions held by the official-capacity Defendants at the time when Plaintiffs filed their lawsuit, but not the Defendants in their individual capacities.

WHEREAS, the parties have entered into a Settlement Agreement which will result in the release of the remaining claims for damages, as well as attorneys' fees and costs, upon the entry of (1) this permanent injunction and order and (2) the fulfillment of additional conditions described in the Settlement Agreement.

WHEREFORE, upon the consent and request of Plaintiffs, Defendants, and State Center Community College District,

It is **ORDERED, ADJUDGED, and DECREED** that**:**

1. State Center Community College District is added to this action as a Defendant.

2. Clovis Community College's Poster/Flyer Instructions violated the First and Fourteenth Amendments to the United States Constitution.

3. Defendants, in their official capacities, violated the Plaintiffs' First and Fourteenth Amendments to the United States Constitution when they enforced the Poster/Flyer Instructions against Plaintiffs' flyers.

4. State Center Community College District, its subsidiary colleges and educational centers, and their administrators, employees, and agents including those administrators, employees, and agents currently holding the positions held by the official-capacity Defendants at the time when Plaintiffs filed their lawsuit, are permanently enjoined from enforcing, by policy or practice, any unlawful viewpoint-discriminatory, overbroad, or vague regulation, or prior restraint, on the content of the speech of recognized student clubs, including but not limited to bans on "inappropriate" or "offensive" language.

5. State Center Community College District, its subsidiary colleges and educational centers, and their administrators, employees, and agents are permanently enjoined from using or further instituting the use of the prior  , attached hereto as Exhibit "A" at any State Center Community College District school site.

6. State Center Community College District and its subsidiary colleges and educational centers are mandated to adopt and implement the Replacement Posting Procedure attached hereto as Exhibit "B" within 21 days of this order.

6. No bond or posting of security is required in connection with the entry of this order.

7. The entry of this permanent injunction, judgment, and order does not result in the release, discharge, waiver, or estoppel of any of Plaintiffs' claims for damages or their entitlement to seek attorneys' fees and costs as a prevailing party under 42 U.S.C. § 1988 or any other provision of law authorizing the payment of a prevailing party's attorneys' fees and costs.

8. The permanent injunction entered by the Court binds State Center Community College District, its subsidiary colleges and educational centers, and their administrators, employees, and agents, including those administrators, employees, and agents currently holding the positions held by the official-capacity Defendants at the time when Plaintiffs filed their lawsuit, but not the Defendants in their individual capacities.

9. This Court will retain jurisdiction to make any orders or findings necessary to effectuate and enforce this permanent injunction, judgment, and order.

**IT IS SO ORDERED** on this _____ day of _____, 2024.

_____
Jennifer L. Thurston
United States District Judge